OPINION
Petitioner-appellant, James L. Schneider, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying his motion to have petitioner-appellee, Merry R. Schneider, pay him child support. We affirm.
The parties were married on August 19, 1991. Two children were born as issue of the marriage: James Z., born March 6, 1992 and Sydney R., born March 18, 1997. On January 13, 1999, the parties' marriage was terminated by a decree of dissolution. As part of the decree of dissolution, the parties entered into a shared parenting plan ("SPP") for their two minor children that was adopted by the trial court.
The SPP provided that "each party acknowledges that the other shall be deemed the residential parent when the children are in their [sic] possession[,]" and that "[f]or purposes of determining school district, the residence of the Father shall be the legal residence of the children." The SPP also provided that during the school year and the second half of the summer, Merry would have possession of the children on alternate weekends and each Tuesday evening after school until 8:00 p.m. Wednesday. This schedule would be reversed during the first half of the summer. A court schedule was used for the holidays and each party had the right to two weeks for vacations with the children.
At that time, Merry earned $15,000 per year and James earned $40,000 per year. According to the child support worksheet submitted by the parties, Merry owed James child support of $123 per month per child.[1]
However, the parties determined that this amount was unjust or inappropriate and not in the best interest of their children. The parties therefore agreed that neither one would pay the other child support because of the disparity in incomes, agreed that they each would each pay day care expenses during his or her period of possession, and agreed to equally divide any uncovered medical expenses. The SPP awarded James the federal tax exemptions for the two children and ordered him to provide medical insurance coverage. In addition, Merry and James were responsible for the cost of clothing, school supplies, and other expenses not specifically set forth in the SPP when the children were in his or her possession.
Thereafter, on November 30, 1999, James moved to modify the SPP to establish child support pursuant to the Ohio guidelines, asserting that the reason for deviation no longer existed since Merry then earned approximately $21,000 per year. James attached a child support worksheet indicating that he was the sole residential parent, casting Merry in the dual role of nonresidential parent and child support obligor. In calculating child support, James indicated that he had $4,000 in day care expenses per year and Merry had $600 in day care expenses per year. According to James' calculations, Merry owed child support to him of $214 per month per child.
On January 13, 2000, while James' motion was still pending, Merry moved to modify the SPP to show that she paid dental insurance coverage for the children. In addition, Merry moved for additional time with the children, allocation of one child's federal tax exemption to her, and for an order that payment of any uncovered medical and dental bills would be made in proportion to the parties' incomes.
A hearing on these matters was held before a magistrate on March 15, 2000. By decision filed March 17, 2000, the magistrate found that James earns $42,500 per year and pays medical insurance of $105 per month and day care expenses of $98 per week for the youngest child, while Merry earns $21,528 per year and pays $14 per month for dental insurance. Using the worksheet set forth in R.C. 3115.215(E) for shared parenting plans, the magistrate calculated James' support obligation as $6,202.75 per year and Merry's as $5,707.25 per year, absent any deviation. Before offsetting these obligations, the magistrate noted that James and Merry are both residential parents, with James having the children approximately sixty percent of the time and Merry having the children approximately forty percent of the time. As a result, the magistrate denied James' motion to have Merry pay him child support and modified the SPP to have James pay all the day care expenses since such expenses are factored into the child support calculation.
The magistrate also denied Merry's motion for additional time with the children and for allocation of a federal tax exemption. However, the magistrate granted Merry's motion for her to continue paying the cost of dental insurance, and that the parties pay uncovered medical and dental expenses in proportion to their incomes, with James being responsible for sixty-six percent and Merry responsible for thirty-four percent.
On March 23, 2000, James filed objections to two aspects of the magistrate's decision. James contended that the magistrate erred by: (1) offsetting the parties obligations for child support pursuant to the split custody guidelines; and (2) relieving Merry of her obligation to pay day care expenses since the issue was not before the court. Following a hearing on the objections, the trial court, in an April 25, 2000 entry, "affirmed" the magistrate's decision, and by a May 10, 2000 entry "adopted" the magistrate's decision. James appeals raising three assignments of error.[2]
 Assignment of Error No. 1: THE TRIAL COURT ERRED TO OFFSET THE PARTIES' RESPECTIVE CHILD SUPPORT OBLIGATIONS.
At the outset, we note that James asserts that his appeal is from the March 17, 2000 magistrate's decision that was later adopted by the trial court. The magistrate's decision by itself was not a final appealable order. See In re Guardianship of Dick (Nov. 15, 1999), Warren App. No. CA98-12-154, unreported, appeal not allowed, 88 Ohio St.3d 1444. Our review is limited to the trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4) which, will not be disturbed on appeal absent an abuse of discretion. See Wade v. Wade (1996),113 Ohio App.3d 414, 419. A trial court has broad discretion to create and subsequently modify a child support order. Pauly v. Pauly (1997),80 Ohio St.3d 386, 390, citing Booth v. Booth (1989), 44 Ohio St.3d 142,144. For an abuse of discretion to be shown, the record must show "more than an error of law or judgment"; the record must establish "that the court's attitude was unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Further, James can raise on appeal only those challenges that he properly preserved pursuant to Civ.R. 53. Specifically, Civ.R. 53(E)(3)(b) provides that:
 [o]bjections shall be specific and state with particularity the grounds of objection. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule. (Emphasis added.)
Moreover, the failure to follow Civ.R. 53 embodies the long-recognized principle that the failure to draw the trial court's attention to a possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal. Cf.Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121. See, also, Burns v.May (1999), 133 Ohio App.3d 351, 358; Hodges v. Hodges (May 27, 1997), Butler App. No. CA97-10-207, unreported, at 4, citing Schade v. CarnegieBody Co. (1982), 70 Ohio St.2d 207, 210. As noted by the court inGoldfuss, "it is well established that failure to follow procedural rules can result in forfeiture of rights." Goldfuss at 122.
It is also important to note that when James filed his March 23, 2000 objections to the magistrate's decision, he indicated that a transcript of the magistrate's hearing had been requested. The record reveals that the trial court held a hearing on James' objections and affirmed the magistrate's decision on the basis of James' March 20, 2000 objections and his arguments at the hearing. The record further reveals that a copy of the transcript of the magistrate's hearing was not part of the record before the trial court. Rather, James filed the transcript on June 16, 2000 after he filed his notice of appeal with this court. It is well-established that an appellate court is precluded from considering any evidence not submitted to the trial court when reviewing a magistrate's decision adopted by the trial court. State ex rel. Duncanv. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730. "A reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." Id. at 730, quoting State v. Ishmail (1978),54 Ohio St.2d 402, paragraph one of the syllabus.
James also did not request that the trial court make findings of fact or conclusions of law pursuant to Civ.R. 52 after it held the hearing on his objections. Nor does the record on appeal include a transcript of the hearing before the trial court on James' objections. Absent a transcript of such hearing before the trial court, our review will presume regularity in the proceedings below. Hartt v. Munobe (1993),67 Ohio St.3d 3, 7. As such, there is nothing in the record that indicates James raised any other objections before the trial court other than those raised in his March 23, 2000 objections.
In his first assignment of error, James contends that the trial court cannot automatically offset child support obligations between the parties under a shared parenting plan without first finding factors or reasons to support a deviation under R.C. 3113.215. Specifically, James argues that the magistrate should have made a detailed finding as why there are no factors under R.C. 3113.215 that support a deviation to require Merry to pay him child support.
The record reveals that James did not object or raise this specific issue with the trial court. The only objection that James raised below as to the issue of an offset was that the magistrate applied the split custody guidelines pursuant to R.C. 3113.215(C) to the calculation of child support. James now claims in his brief that the magistrate did not apply the split custody guidelines pursuant to R.C. 3113.215(C), but applied the shared parenting guidelines pursuant to R.C. 3113.215(B)(6)(a) by following Luke v. Luke, 1998 Ohio App. 1998 WL 172813 (Feb. 20, 1998), Lake App. No. 97-L-044, unreported, appeal not allowed,82 Ohio St.3d 1434.
We therefore find that James has waived his right to raise this issue on appeal. See Civ.R. 53(E)(b)(3); Goldfuss,79 Ohio St.3d at 121; Burns, 133 Ohio App.3d at 358.
An exception to the general rule of waiver is the plain error doctrine. See Crim.R. 52. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss, 79 Ohio St.3d at syllabus. This court has limited plain error review in civil cases to dependency and permanent custody matters. See In the Matter of: Patricia Morris aka Patricia Gallaher
(Oct. 16, 2000), Butler App. No. CA2000-01-001, unreported; In Re: DwayneJohnson, a Minor Child (Dec. 11, 2000), Butler App. Nos. CA2000-03-041 and CA2000-05-073, unreported.
Given our previous limitation of the application of the plain error rule in civil cases and the broad discretion of the trial court in matters pertaining to child support, we are averse to invoking the doctrine of plain error under the facts of this case. James' first assignment of error is overruled.
 Assignment of Error No. 2: THE TRIAL COURT ERRED IN ITS SUPPORT CALCULATION WHEN IT INCORRECTLY FIGURED THE RESPECTIVE DAYCARE [sic] EXPENSES OF THE PARTIES.
In his second assignment of error, James contends that the magistrate cannot substitute an amount for day care expenses when the parties testified to a different amount. James argues that the magistrate erroneously imputed day care expenses of $4,136 on line eighteen of the child support worksheet while the evidence at the hearing indicated $5,108 for day care expenses, i.e., forty-six weeks at $98 per week totaling $4,508 plus $600.
As previously indicated, the transcript of the hearing before the magistrate is not before this court. Duncan, 73 Ohio St.3d at 730. However, based on the allegations in his brief and the existing record, it would appear that James overstates his day care expenses because he fails to deduct the mandatory child care tax credit which would reduce the amount that is entered on line eighteen of the worksheet. See R.C.3113.215(E); Coulter v. Coulter (Oct. 14, 1996), Warren App. No. CA95-11-112, unreported, at 9-10.
Moreover, James failed to object or raise the issue before the trial court concerning the magistrate's calculation of the parties' annual child support obligations. Accordingly, James has waived any objection. See Civ.R. 53(E)(b)(3); Goldfuss, 79 Ohio St.3d at 121; Burns,133 Ohio App.3d at 358. James' second assignment of error is overruled.
 Assignment of Error No. 3: THE COURT'S DECISION CHANGING THE PARTIES SHARED PARENTING ORDER TO REQUIRE APPELLANT TO PAY ALL OF THE DAYCARE [sic] FOR THE CHILDREN AND REDUCING APPELLEE'S SHARE OF UNINSURED MEDICAL EXPENSES IS AN ABUSE OF DISCRETION.
In his third assignment of error, James raises two issues for our review. James first contends that the magistrate's decision reducing Merry's obligation to pay uncovered medical expenses without requiring her to pay him child support was an abuse of discretion. The record reveals that James failed to object to the magistrate's decision concerning uncovered medical and dental expenses. We therefore find James has waived any objection. See Civ.R. 53(E)(b)(3); Goldfuss,79 Ohio St.3d at 121; Burns, 133 Ohio App.3d at 358. Accordingly, James' first issue for review is not well-taken.
In his second issue for review, James contends that since he now pays over $4,000 annually in day care expenses and Merry earns more money, it was an abuse of discretion for the trial court not to require Merry to pay him child support. James first argues that the trial court lacked authority to change the parties' arrangement concerning day care expenses since the issue was not raised in any motion. We disagree. When James filed his motion to modify child support, James invoked the continuing jurisdiction of the trial court regarding all issues of child support including day care expenses. See Civ.R. 75(J); R.C. 3113.215(B)(4) and (5)(f); Harlow v. Harlow (June 29, 1994), Montgomery App. No. 14287, unreported.
James next argues that even if the trial court had authority to modify the parties' arrangement for day care expenses, there was no evidence indicating a change of circumstances for a new order. James failed to object or raise this specific issue before the trial court. As such, James has waived any objection. See Civ.R. 53(E)(b)(3); Goldfuss,79 Ohio St.3d at 121; Burns, 133 Ohio App.3d at 358.
We therefore find that James' second issue for review is not well-taken. Accordingly, James' third assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
[1] The record reveals that the trial court adopted the calculation of child support obligations made by James' counsel and filed by both parties. At the time of their dissolution, Merry waived representation by counsel. A review of the worksheet for calculation of child support reveals that the calculation was improperly done under the basis that James was the sole residential parent while Merry was cast in the dual role of nonresidential parent and child support obligor. Further, the worksheet showed that the cost of medical insurance and day care expenses were not included in the calculation of child support. According to the worksheet, James' support obligation on line 24 was $7,865 per year and Merry's support obligation was $2,954 per year. See R.C.3113.215(B)(6)(a).
[2] We note that under each assignment of error, James' brief incorrectly contains "propositions of law" used in Supreme Court practice, rather than "issues presented for review" as are used in intermediate level appellate practice. See S.Ct.Prac.R. VI(A)(4); App.R.16(A)(4); Loc.R. 11(A)(2). In the interest of justice, we construe his propositions of law as issues for review.