**BURNS, f.k.a. May, Appellee,**

v.

**MAY, Appellant.**

[Cite as *Burns v. May* (1999), 133 Ohio App.3d 351.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA98–06–046.

Decided April 5, 1999.

352

*Sharon Baird,* for appellee.

*Fred Miller,* for appellant.

WALSH, Judge.

Defendant-appellant, Ronald J. May, appeals a Clermont County Court of Common Pleas, Domestic Relations Division, decision granting plaintiff-appellee Rochelle Burns's motion to modify child support payments and the allocation of the federal tax dependency exemption. We affirm.

The parties were married on June 30, 1989. On July 14, 1990, Joshua Ronald May was born. On April 5, 1991, Burns filed for divorce, which was granted on September 9, 1991. Pursuant to the divorce decree (1) Burns was awarded custody of Joshua, (2) appellant was ordered to pay child support of $488.50 per month, (3) the parties would alternate years to claim Joshua as a federal tax exemption, (4) Burns would maintain health insurance on Joshua, and (5) Burns would be responsible for the first $200 of Joshua's uninsured medical expenses, and thereafter, the parties would equally split Joshua's uninsured medical expenses.

On October 9, 1997, Burns filed a motion to modify appellant's child support obligations, claiming that appellant's income and the cost for Joshua's care had increased. Evidence established that Joshua had failed first grade and was in danger of failing again. As a result, Burns enrolled Joshua in a tutoring program. Burns asked the trial court to increase appellant's child support payments, require appellant to split the cost of the tutoring, and grant the federal tax exemption solely to her.

On December 8, 1997, the magistrate held a hearing. On January 9, 1998, the magistrate found that there was a change of circumstances and that it was in Joshua's best interest to (1) increase appellant's child support payments to $665.80 a month, (2) order appellant to pay one half of Joshua's tutoring costs up to $4,000 annually, (3) change Burns's uninsured medical obligation from $200 to $100, thereby requiring appellant to equally split the costs of uncovered medical

expenses of Joshua above $100, and (4) grant Burns's request to be solely entitled to the federal tax exemption.

On January 22, 1998, appellant filed objections to the magistrate's decision. On May 29, 1998, the trial court affirmed the magistrate's decision and overruled appellant's objections. Appellant filed a timely appeal and asserts three assignments of error.

Assignment of Error No. 1:

"The trial court erred to the prejudice of defendant–appellant when it admitted an unauthenticated document into evidence."

In his first assignment of error, appellant asserts that the trial court erroneously admitted a pay stub into evidence without it being properly authenticated. We disagree.

Evid.R. 901(A) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by *evidence sufficient to support a finding that the matter in question is what its proponent claims.*" (Emphasis added.) The evidence necessary to support a finding that the document is what a party claims it to be has a very low threshold, which is less demanding than the preponderance of the evidence. *State v. Winfield* (Feb. 7, 1991), Ross App. No. 1641, unreported at 7, 1991 WL 28291. One method by which a document may be authenticated is by the testimony of a witness with knowledge. Evid.R. 901(B)(1).

At the hearing, Burns introduced a pay stub into evidence from appellant's employer indicating appellant's earnings as of October 18, 1997. Appellant testified that he had never seen the pay stub before. However, appellant testified that the pay stub properly contained his name and Social Security number, and that the gross amount of his wages was accurate. Appellant possesses knowledge of his name, Social Security number, and the amount of his wages; therefore, he is the best person to testify as to these facts. The sole fact that appellant claimed he never saw the pay stub before does not make the pay stub inadmissible. We hold that appellant's testimony that the pay stub correctly identifies his name, Social Security number, and wages meets the threshold requirement of Evid.R. 901(A) that the pay stub is what it purports to be: a statement of appellant's gross earnings as of October 18, 1997. Accordingly, appellant's first assignment of error is overruled.

Assignment of Error No. 2:

"The trial court erred to the prejudice of defendant–appellant when it awarded the tax exemption to the plaintiff."

In his second assignment of error, appellant asserts that the trial court erroneously presumed that the custodial parent is entitled to the federal tax exemption for the minor child. We disagree.

 A trial court has authority to reconsider which parent is entitled to the tax exemption when it modifies a child support order. *Hildenbrand v. Hildenbrand* (Jan. 12, 1998), Butler App. No. CA97–02–035, unreported, 1998 WL 8699; R.C. 3113.21(C)(1)(f). A trial court acts within its discretion when it awards the tax exemption for federal income tax purposes to either parent. *Eickelberger v. Eickelberger* (1994), 93 Ohio App.3d 221, 225–226, 638 N.E.2d 130, 133–134. Therefore, a reviewing court will not reverse a trial court's decision unless its decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142.

 The allocation of the tax exemption is directly related to the support of the child. *Singer v. Dickinson* (1992), 63 Ohio St.3d 408, 414, 588 N.E.2d 806, 811. As a result, a trial court's decision to allocate the tax exemption will be upheld provided that its decision will further the best interest of the child. *Hurchanik v. Hurchanik* (1996), 110 Ohio App.3d 628, 630, 674 N.E.2d 1260, 1261–1262. While there is a presumption in favor of awarding the tax exemption to the custodial parent, a trial court has authority to award the tax exemption to the noncustodial parent if it is demonstrated that there will be a net tax savings for the parents, which advances the best interest of the child. *Singer*, 63 Ohio St.3d at 415, 588 N.E.2d at 811–812; *In re Gilliam* (Mar. 30, 1998), Brown App. No. CA97–11–020, unreported, at 15, 1998 WL 142371. The fact that the noncustodial parent pays child support or the majority of it does not automatically entitle him to the exemption. *Id.* at 416, 588 N.E.2d at 812; *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 332, 528 N.E.2d 180, 182–183. The Ohio Supreme Court stated in *Singer*:

"[I]t would make little sense to allocate the exemption to the noncustodial parent merely because that parent is responsible for a higher percentage of the support obligation [which is a result of his higher gross income] * * *. Indeed, it appears to be in the child's best interest to leave the exemption with the custodial parent, where it would more directly serve the child's interest." *Id.*, 63 Ohio St.3d at 416, 588 N.E.2d at 812.

 In determining whether allocating the tax exemption to the noncustodial parent will result in a net tax savings for the parents, a court must review "all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates." *Id.*

Appellant argues that the trial court failed to consider the above factors when it allocated the tax exemption to Burns. However, the record reflects that the trial court found that for 1997, appellant would have a gross annual income of $57,618.02 and Burns would have a gross annual income of $22,372.71. Further, the trial court recognized that each party had another minor child to support in addition to Joshua. The trial court found that appellant was not entitled to any other deductions, and that he was subject to a local tax of 1.75 percent. The trial court noted that Burns receives child support of $50 for the other minor child living with her, carries health insurance for both children, incurs day care expenses; and has a two percent local tax rate. After considering the above factors, the trial court found that appellant did not present evidence to rebut the presumption that it would be in Joshua's best interest to allocate the tax exemption to Burns.

Further, the record supports the conclusion that the trial court considered the factors in *Singer* in determining whether the noncustodial parent is entitled to the tax exemption. Based on the foregoing, we find that the trial court's decision that it is in the best interest of Joshua to award Burns the tax exemption is supported by the record. As a result, we find that the trial court did not abuse its discretion. Accordingly, appellant's second assignment of error is overruled.

Assignment of Error No. 3:

"The trial court erred to the prejudice of defendant–appellant when it ordered him to pay half the tutoring costs of his child, while simultaneously reducing the amount of obligation owed by the appellee for uncovered medical expenses from $200.00 to $100.00 per year."

In his third assignment of error, appellant asserts that the trial court erred by deviating from the child support guidelines under R.C. 3115.215 when it required him to pay one half of Joshua's tutoring expenses. Further, appellant asserts that the trial court erred when it required appellant to pay one half of Joshua's uncovered medical expenses over $100. We disagree.

R.C. 3113.215 sets out guidelines that a trial court is required to follow when it calculates child support. However, a trial court can deviate from the guidelines and order additional child support provided that its order is appropriate, just, and in the child's best interest. R.C. 3113.215(B)(3). One factor a trial court may consider in deviating from the guidelines is the special and unusual needs of the child. R.C. 3115.215(B)(3)(a). When a trial court orders additional child support, it should do so within its broad discretion. *Ketzel v. Ketzel* (May 1, 1989), Warren App. No. CA88–08–062, unreported, at 5–6, 1989 WL 42998. Therefore, a trial court's decision to order additional child support outside the

guidelines under R.C. 3113.215 will not be reversed provided that it is not arbitrary, unreasonable, or unconscionable. *Id.* at 8.

Appellant argues that the trial court made no findings that the upward deviation in his child support obligation was just, appropriate, or in Joshua's best interests. We fail to see the logic in appellant's argument. The record reflects that Joshua failed first grade and was in danger of failing again. Under these circumstances, it is apparent that enrolling Joshua in a tutoring program is just and appropriate, if not necessary, to his education. Further, we find that ensuring that Joshua passes first grade is in Joshua's best interest. Therefore, appellant's argument is without merit.

In addition, appellant argues that the trial court erred when it decreased Burns's obligation for Joshua's uninsured medical expenses. An appellate court need not consider an error that could have been objected to but was not brought to the attention of the trial court. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus. Further, "[o]bjections shall be specific and state with particularity the grounds of objections. * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law [of a magistrate's decision] unless the party has objected to that finding or conclusion * * *." Civ.R. 53(E)(3)(b).

When appellant filed objections to the magistrate's decision, he failed to object to the magistrate's decision to decrease Burns's obligation to pay Joshua's uninsured medical expenses from $200 to $100. Accordingly, appellant has waived his objection. Appellant's third assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and VALEN, J., concur.