OPINION
This timely appeal arises from a judgment entry of the Mahoning County Court No. 2, Mahoning County Ohio overruling James Escaja's ("Appellant") objections to a magistrate's decision and adopting the decision in full. For the following reasons, we must affirm that decision.
Appellant is a real estate broker. In 1997, Delores Wilkinson ("Appellee") was a real estate sales agent working for Appellant's real estate agency. On November 18, 1997, Appellant was involved in a sale of a property through which the agency earned a commission of $3,850.00. On February 13, 1998, Appellee filed a small claims complaint against Appellant alleging that she was owed a portion of that commission.
The case was heard before a magistrate on March 30, 1998. The magistrate entered judgment in favor of Appellee in the amount of $1,925.00. The decision did not explain its reasoning except to say that it was based, "[u]pon evidence and testimony presented." (April 13, 1998 Decision). On April 28, 1998, Appellant filed objections to the Magistrate's Decision, arguing that Appellee was not entitled to a commission because her real estate salesman's license had expired. On July 21, 1999, the trial court overruled Appellant's objections and adopted the Magistrate's Decision. Appellant filed this timely appeal.
Appellant's first assignment of error alleges:
 "COURT ERRED IN THAT APPELLEE WAS GOVERNED BY HER EMPLOYMENT CONTRACT AS TO COMMISSION TO BE RECEIVED IF CONTRACT WAS TERMINATED."
In this assignment, Appellant raises an issue that was not raised in his April 28, 1998, objections to the Magistrate's Decision. Civ.R. 53(E)(3)(b) states:
 "Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." (Emphasis added).
The notes to the 1995 revisions of Civ.R. 53 state that, "failure to object constitutes a waiver on appeal of a matter which could have been raised by objection." 1995 Staff Notes to Civ.R. 53; see also, Burns v.May (1999), 133 Ohio App.3d 351, 358. All proceedings in the small claims division of a county court are subject to the Rules of Civil Procedure, including Civ.R. 53. R.C. § 1925.16.
Appellant submitted two objections to the Magistrate's Decision before the trial court. Both objections challenged the magistrate's award on the theory that a real estate commission cannot be paid to a person who does not hold a valid real estate license. As Appellant's first assignment of error involves a completely unrelated matter, his failure to include the issue in his objections to the magistrate's decision precludes this Court from reviewing the assignment of error.
Appellant's second assignment of error alleges:
 "COURT ERRED IN AWARDING JUDGMENT TO APPELLEE IN THAT AT TIME THE TRANSACTION CLOSED APPELLEE WAS NO LONGER A LICENSED REAL ESTATE SALESPERSON AND WAS NOT ENTITLED TO A COMMISSION."
In this assignment, Appellant argues that R.C. § 4735.21 requires a real estate salesman to have a valid salesman's license in order to maintain a cause of action against a real estate broker for a commission arising out of the sale of real estate. R.C. § 4735.21 states:
 "No right of action shall accrue to any person, partnership, association, or corporation for the collection of compensation for the performance of the acts mentioned in section 4735.01 of the Revised Code, without alleging and proving that such person, partnership, association, or corporation was licensed as a real estate broker or foreign real estate dealer. Nothing contained in this section shall prevent a right of action from accruing after the expiration of a real estate or foreign real estate license if the act giving rise to the cause of action was performed by a licensee prior to such expiration.
"No real estate salesman or foreign real estate salesman shall collect any money in connection with any real estate or foreign real estate brokerage transaction, whether as a commission, deposit, payment, rental, or otherwise, except in the name of and with the consent of the licensed real estate broker or licensed foreign real estate dealer under whom he is licensed. Nor shall any real estate salesman or foreign real estate salesman commence or maintain any action for a commission or other compensation in connection with a real estate or foreign real estatebrokerage transaction, against any person except a person licensed as areal estate broker or foreign real estate dealer under whom he islicensed as a salesman at the time the cause of action arose." (Emphasis added).
Ohio courts have long held that a real estate broker must allege and prove the existence of a valid real estate broker's license as an essential element of any action to recover a real estate commission from a client. Stanson v. McDonald (1946), 147 Ohio St. 191, paragraph one of syllabus; Remax Master Realty v. Divito (June 1, 2000), Mahoning App. No. 99 CA 20, unreported. A real estate salesman, on the other hand, has no right to bring a direct action against a client to collect a commission, but may bring an action against the licensed broker with whom the salesman is associated. Kapel v. Carnegie Mgmt. Development Corp. (May 11, 1995), Cuyahoga App. No. 67939, unreported. Just as the existence of a valid broker's license is an essential element of the broker's claim for commission from a client, the existence of a valid real estate salesman's license is an essential element of the salesman's claim for commission from the broker. Loss Realty Group v. Verbon (Dec. 6, 1996), Lucas App. No. L-96-024, unreported. Thus, if Appellant's allegations are correct, Appellee would not be entitled to a commission. Unfortunately for Appellant, the record before us does not support his claims due to its incomplete nature.
As noted above, Civ.R. 53(E)(3)(b) requires that timely objections to factual findings in a magistrate's report be accompanied by a transcript of all the evidence submitted to the magistrate related to that objection. The crux of Appellant's argument is that Appellee did not have a valid real estate salesman's license at the time that her cause of action arose. The existence of a valid real estate license is a factual question to be determined by the trier of fact. Alban v. Ohio Real EstateCom'n. (1981), 2 Ohio App.3d 430, 434. No transcript of the magistrate's hearing was provided to the trial court. Therefore, there was no way for the trial court to fully review a factual determination made by the magistrate. "[A]bsent a transcript * * * a trial court is limited to an examination of the referee's conclusions of law and recommendations, in light of the accompanying findings of fact only unless the trial court elects to hold further hearings." Wade v. Wade (1996),113 Ohio App.3d 414, 418; Civ.R. 53(E)(3)(b).
The trial court was also unable to review the magistrate's conclusions of law because Appellant did not request findings of fact and conclusions of law as provided for in Civ.R. 53(E)(2) and Civ.R. 52. Nor did Appellant request that the trial court, after reviewing the magistrate's recommendations, prepare findings of fact and conclusions of law. The purpose of Civ.R. 52 requiring separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned errors. Criggin Group, Ltd. v. Crown DiversifiedIndustries Corp. (1996), 113 Ohio App.3d 853, 859. A party cannot be heard to complain on appeal that the trial court made erroneous determinations of fact or law where that party failed to request separate findings of fact and conclusions of law as provided by procedural rules.Pawlus v. Bartrug (1996), 109 Ohio App.3d 796, 801. We must presume the correctness of the court's judgment as long as there is some evidence in the record to support the judgment. Fletcher v. Fletcher (1994),68 Ohio St.3d 464, 468.
The meager record provided on appeal contains a letter written by Appellant on October 16, 1997, and addressed to Appellee. The letter states that Appellee's real estate salesman's license was returned to the Ohio Division of Real Estate for cancellation. The letter does not say that the license was canceled or when it would be canceled. The letter also states that, "[appellant's] license was renewed for years 1997." There does not appear to be any dispute that the real estate sale in question took place on November 18, 1997. Appellant's letter is some evidence that Appellee had a valid real estate salesman's license on the date that her cause of action seeking her commission arose. Appellant's second assignment of error is therefore without merit and we must affirm the judgment of the trial court in adopting the magistrate's recommendation to award Appellee $1,925.00 plus court costs and interest.
DONOFRIO, J., concurs, VUKOVICH, P.J., concurs.