[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal of a decision of the Clermont County Court of Common Pleas, Domestic Relations Division.
Plaintiff-appellant, Thomas Moeller, and defendant-appellee, Judith Moeller, were married in August 1975, and had three children together. Appellant filed for divorce in January 2000. On August 16, 2000, the matter was heard by a magistrate who issued a decision on September 28, 2000. Appellant timely filed objections on October 9, 2000. Appellee timely filed objections on October 12, 2000.
Appellant filed an additional brief in support of his objections on November 17, 2000. Although the document is captioned "Additional Argument in Support of Objections to Magistrate's Decision," it raised additional objections not included in the October 9, 2000 filing. On December 12, 2000, the magistrate filed an amended decision, nunc protunc, which corrected several typographical errors contained in the original decision.
In a December 18, 2000 entry, the trial court overruled appellant's objections. The trial court found that the objections raised by appellant in the subsequent November 17, 2000 filing were untimely and overruled those objections as well. In the same entry, the trial court found that appellee's objections were rendered moot by the corrections made in the magistrate's nunc pro tunc entry.
On the same day, appellant filed objections to the magistrate's nuncpro tunc decision. Appellant objected to several typographical errors, and attached the November 17, 2000 "supplemental argument," stating that the document contains "[a]dditional grounds for objection." The trial court sustained the objections relating to the typographical errors and overruled, as untimely filed, those objections raised by the November 17, 2000 supplemental argument. Appellant appeals, raising five assignments of error.
The first assignment of error is overruled as the entry of a nuncpro tunc decision does not afford a party additional time to file objections that could have been timely raised. Morris v. Conant (Oct. 21, 1988), Lake App. No. 12-270, unreported. A nunc pro tunc entry only extends the time for filing an objection or appeal if additional rights are created or an existing right is denied. Id., citing Perfection StoveCo. v. Scherer (1929), 120 Ohio St. 445. In the instant cause, no additional rights were created nor existing rights denied by the nuncpro tunc entry. The objections raised by appellant in his November 17, 2000 filing were not timely made, and the trial court was not obligated to consider the objections raised therein. See, also, Ramminger v.Ramminger (June 11, 2001), Butler App. No. CA2000-07-132, unreported.
The second, third, and fifth assignments of error are overruled as appellant failed to properly raise these objections before the trial court. Civ.R. 53(E)(3)(b) provides that "a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." The failure to follow Civ.R. 53 results in a waiver of the issue for purposes of appeal. Cf. Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 121. See, also, Burns v. May (1999),133 Ohio App.3d 351, 358; Hodges v. Hodges (May 27, 1997), Butler App. No. CA97-10-207, unreported, at 4, citing Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210.
The fourth assignment of error is overruled as the trial court did not abuse its discretion by awarding the Huntington National Bank account to appellee as her separate property. See Peck v. Peck (1994),96 Ohio App.3d 731, 734. A review of the record indicates that appellee adequately traced the funds in this account to an inheritance she received from her mother.
We finally note that, although appellee has not filed a cross-appeal in this matter, she alleges in her brief that the trial court erred in its recapitulation of the division of marital assets and liabilities, and alleges that there are significant omissions from the divorce decree. Appellee failed to object to these matters before the trial court and has failed to properly perfect an appeal of these issues. Accordingly, we will not consider them.
Judgment affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Anthony Valen, Judge, James E. Walsh, Judge.