OPINION
This timely appeal arises from a decision of the Belmont County Court of Common Pleas, Juvenile Division, awarding custody of Destiny Jeffreys ("Destiny"), a minor child, to her father Jeremy Jeffreys ("Appellee"), pursuant to R.C. § 3109.04(E)(1)(a). For the following reasons, we reverse the judgment of the trial court and remand this matter for a more detailed consideration of the best interests of the child.
The record indicates that on or about June 7, 2000, Destiny's mother, Missy Conaway ("Appellant"), was living in Dillonvale, Ohio. Appellant was the sole residential parent of Destiny. Shortly after June 7, 2000, Appellant and Destiny moved in with Appellant's parents, Jack and Laura Conaway, in Bellaire, Ohio. Although it appears that Appellant and Destiny resided primarily with Appellant's parents after June 7, 2000, the record indicates that they would move out for periods of time when Appellant was having disagreements with her mother.
On July 28, 2000, Appellant's parents filed a motion for grandparents' visitation.
On October 12, 2000, Appellee filed a Petition for Change of Custody in the Belmont Court of Common Pleas, Juvenile Division. The petition alleged that in the prior custody order designating Appellant as residential parent, Appellant was ordered to provide a stable residence for Destiny as part of the custody award. Appellee alleged in the petition that Appellant had moved many times since the initial order, that Appellant did not appear to have a permanent address, that Destiny was often left in the care of Appellant's parents, that Appellant failed to notify him of a week-long trip with Destiny to Ocean City, Maryland, and that Appellant failed to provide medical insurance coverage for Destiny.
On October 25, 2000, a magistrate held a hearing on both Appellee's change of custody motion and the grandparents' visitation motion. All parties attended the hearing.
The magistrate issued its decision on December 5, 2000. The decision sustained Appellee's motion and awarded him custody of Destiny as sole residential parent. The decision also granted the grandparents' motion for visitation, which is not at issue in this appeal. The magistrate found that Appellant had not provided a stable environment for Destiny, which constituted a change in circumstances sufficient to satisfy the requirements of R.C. § 3109.04. The magistrate found that Appellee could provide a stable environment for Destiny and that he had adequate plans for Destiny's care while he was at work. The magistrate also found that the change in custody would be in Destiny's best interests and that the advantages of the change outweighed any potential harm.
On December 18, 2000, Appellant filed objections to the magistrate's decision. On January 22, 2001, the trial court adopted the magistrate's decision as its own, and ordered Appellant to turn over Destiny to Appellee on January 26, 2001. Appellant filed this timely appeal on February 7, 2001.
Appellant presents three assignments of error in this appeal, all of which deal with the statutory requirements of modifying custody as found in R.C. § 3109.04. All three arguments are interrelated and will be treated together for purposes of our analysis:
"THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED IN TRANSFERRING CUSTODY TO THE PETITIONER-APPELLEE BY NOT RENDERING ITS DECISION BASED UPON THE REQUIRED STATUTORY FINDINGS PURSUANT TO § 3109.04(E)(1)(A) REQUIRING THAT THERE BE AN INITIAL THRESHOLD SHOWING OF A CHANGE IN CIRCUMSTANCES. THIS DECISION WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE.
"THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED IN TRANSFERRING CUSTODY TO THE PETITIONER-APPELLEE BY NOT RENDERING ITS DECISION BASED UPON THE REQUIRED STATUTORY FINDINGS PURSUANT TO § 3109.04(E)(1)(A) REQUIRING THAT A CHANGE IS [SIC] CUSTODY BE IN THE BEST INTEREST OF THE CHILD. THIS DECISION WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE.
"THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED IN TRANSFERRING CUSTODY TO THE PETITIONER-APPELLEE BY NOT RENDERING ITS DECISION BASED UPON THE REQUIRED STATUTORY FINDINGS PURSUANT TO § 3109.04(E)(1)(A) REQUIRING THAT ANY HARM TO THE CHILDREN FROM A MODIFICATION OF THE PLAN MUST BE OUTWEIGHED BY THE ADVANTAGES OF SUCH A MODIFICATION. THIS DECISION WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE."
It is well-settled that a trial court is given broad discretion in its determination of parental custody rights. Booth v. Booth (1989),44 Ohio St.3d 142, 144. A trial court's custody determination will therefore not be disturbed unless it involves an abuse of discretion.Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23. An abuse of discretion connotes that the trial court's decision was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The trial court has discretion to do what is equitable upon the facts and circumstances of each child custody case. Booth, supra, at 144. As such, a trial court does not abuse its discretion in an award of custody, and its decision will not be reversed as against the manifest weight of the evidence, when it is supported by a substantial amount of competent and credible evidence. Bechtol, supra, at 23.
With respect to this Court's duty of deference to the trial court in disputes over the custody of children, the Ohio Supreme Court has stated:
 "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct."
Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
Although the record does not contain a copy of the order naming Appellant as sole residential parent of Destiny, the parties do not dispute this fact. This Court may presume that Appellant was the sole residential parent at the time that Appellee filed his motion for modification of custody. Therefore, the trial court proceedings at issue in this appeal involve a modification of custody rather than an initial custody determination, which would be reviewed under a somewhat different analysis.
While a trial court's discretion in a custody modification proceeding is broad, it is not absolute and must be guided by the language set forth in R.C. § 3109.04. Miller, supra, 37 Ohio St.3d at 74. This statutory provision provides:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds * * * that a change has occurred in the circumstances of the child, [or] his residential parent * * * and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree * * *, unless a modification is in the best interest of the child and * * * The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
R.C. § 3109.04(E)(1)(a)(iii).
Thus, a trial court may properly modify residential parent status if the following three conditions are met: (1) an initial threshold showing of a change in circumstances; (2) if circumstances have changed, the modification of custody must be in the children's best interests; and (3) any harm to the children resulting from a modification of the plan must be outweighed by the advantages of such a modification. Rohrbaugh v.Rohrbaugh (2000), 136 Ohio App.3d 599, 604. The record must support each of these findings or the modification of child custody is contrary to law. Davis v. Flickinger (1997), 77 Ohio St.3d 415, 417. Additionally, R.C. § 3109.04(E)(1)(a) creates a rebuttable presumption that retaining the residential parent designated by the prior decree is in the child's best interest. Rohrbaugh, supra, at 604.
Appellant presents some arguments on appeal that were not included in her objections to the magistrate's decision. Civ.R. 53 governs the procedure to be followed in cases assigned to a magistrate. Civ.R. 53(E)(3)(b) states:
 "Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." (Emphasis added).
The notes to the 1995 revisions of Civ.R. 53 state that, "failure to object [to a magistrate's decision] constitutes a waiver on appeal of a matter which could have been raised by objection." 1995 Staff Notes to Civ.R. 53; see also Burns v. May (1999), 133 Ohio App.3d 351, 358.
In Appellant's one-page December 18, 2000, memorandum which was attached to her objections, she raised the following errors: 1) there was no evidence that a change in circumstances had taken place; 2) there was no evidence presented as to the quality of life Destiny would have with Appellee; 3) there was insufficient proof that the harm caused by awarding custody to Appellee would be outweighed by the benefits; and 4) there was generally insufficient evidence to support the change in custody. Because they were not raised properly to the trial court so that it could have the opportunity to correct any alleged errors, any errors other than these have been waived.
Appellant's first assignment of error deals with whether the trial court properly determined that a change in circumstances had occurred. The trial court has broad discretion in determining whether a change in circumstances has occurred, but that discretion is not unlimited. Davis
held that, "there must be a change of circumstances to warrant a change of custody, and the change must be a change of substance, not a slight or inconsequential change." Davis, supra, 77 Ohio St.3d at 418 (emphasis in original). Davis also held that, "a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support such a change." Id. at paragraph two of syllabus.
Appellant argues that a relocation of the residential parent is not a legitimate basis for finding that a change in circumstances has occurred, citing this Court's holding in Rohrbaugh, supra,136 Ohio App.3d at 604. Appellant cites Rohrbaugh for the argument that, "since a child is almost always going to be harmed to some extent by being moved, the non-custodial parent should not be able to satisfy his or her burden simply by showing that some harm will result; the amount of harm must transcend the normal and expected problems of adjustment." Id. at 605, quoting Schiavone v. Antonelli (December 10, 1993), Trumbull App. No. 92-T-4794, unreported. Appellant contends that no evidence was presented that there was any harmful effect on Destiny when she moved to the Conaway's home.
Appellant's reliance on Rohrbaugh is somewhat misplaced. Rohrbaugh
actually stands for the proposition that the relocation of the residential parent, in and of itself, does not constitute a sufficient change in circumstances to satisfy the requirements of R.C. §3109.04(E). Rohrbaugh, supra, at 604. In Rohrbaugh this Court also held that:
 "R.C. 3109.04 clearly indicates that the court should look not only to a change in circumstances of the child, but also to any change that has occurred in the circumstances of either of the parents subject to a shared parenting decree, to determine whether a modification is necessary."
Id. at 606.
The trial court's finding of a change in circumstances appears to be based primarily on Appellant's failure to provide Destiny with a stable residence, not that Appellant had merely provided a different residence. Appellant disagrees and argues that the evidence shows that Destiny was provided with a stable living environment at the Conaway's home. As will be seen, Appellant's argument depends largely on a disagreement with how the trial court assessed the weight and credibility of the evidence. A reviewing court will not second-guess the trial court's weight and credibility of the evidence determinations regarding child custody matters. Davis, supra, 77 Ohio St.3d at 418.
The record contains the following facts which support the trial court's decision: in June of 2000 Appellant was living in Dillonvale, Ohio (Tr. 11-12); in July of 2000 Appellant left Dillonvale and moved in with a boyfriend in Wheeling, West Virginia, for a short time (Tr. 17); from Wheeling, Appellant then moved in with her parents in Bellaire, Ohio (Tr. 121); Appellant repeatedly was forced to leave her parents home due to disagreements with her mother (Tr. 69, 127), these disagreements arose over Appellant not helping with household chores and over her granting Appellee more visitation rights than he was awarded by the court (Tr. 184, 191, 204); Appellant moved in with friends, Billie Jo Chalmers and Brooke Toliver, in Martins Ferry, Ohio, after she was no longer welcome at her mother's house (Tr. 28, 65, 153); Appellant also maintained a residence in Powhhatan, Ohio, sometime after she left Dillonvale (Tr. 93); Appellant has at times refused to allow Appellee to return Destiny to Appellant's mother, Laura Conaway (Tr. 128) and Appellee testified that Appellant told him that she could not provide a stable environment for Destiny (Tr. 39).
The above cited evidence may be interpreted as a pattern of moving in and out of the Conaway's home due to an unstable relationship between Appellant and Mrs. Conaway. The evidence raises doubts about how welcome Appellant was at her parent's home, which was supposedly Appellant's and Destiny's primary place of residence. The trial court concluded that this was an unstable situation. The evidence reveals much more than a simple move from one residence to another. Appellant moved a variety of times, sometimes being forced to find another place to stay when her relationship with her mother was at a low ebb. The trial court's decision was based on more than the mere fact that Appellant moved, and satisfies the requirements of Rohrbaugh to support that a change in circumstances had occurred.
The trial court's conclusion was based on its own evaluation of the weight and credibility of the evidence. A reviewing court will not second-guess weight and credibility determinations made by the trier of fact. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. The trial judge was able to view the witnesses, observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. See Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Although there is testimony, primarily by Appellant herself, that she did not actually live anywhere but at her parent's house, the trial court may have chosen to discount or disregard this testimony. The trier of fact is free to believe some, part or none of the testimony of each witness.
In re Pryor (1993), 86 Ohio App.3d 327, 342. Therefore, the record supports that a change in circumstances had taken place. Appellant's first assignment of error is overruled.
Appellant's second and third assignments of error deal with the "best interests" and "benefits outweigh the harm" prongs of R.C. §3109.04(E). First, in reference to the "best interests" analysis, R.C. § 3109.04(F)(1)(a-j) sets forth the factors a trial court must consider when deciding whether a change in residential parent status is in the best interests of the child:
 "(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 "(a) The wishes of the child's parents regarding the child's care;
 "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 "(d) The child's adjustment to the child's home, school, and community;
 "(e) The mental and physical health of all persons involved in the situation;
 "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25
of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
Appellant argues in part that there was a lack of evidence about the quality of life that Appellee would provide for Destiny if he became the residential parent. Appellant does not cite to any rule requiring the trial court to consider the "quality of life" of the parent requesting custody. It is not a factor listed in R.C. § 3109.04(F)(1). Therefore, Appellant's argument that the trial court erred in failing to consider the lack of evidence of Appellee's quality of life is unpersuasive.
Appellee testified extensively at the October 25, 2000, hearing, but almost all the testimony was devoted to establishing that a change in circumstances had occurred. The only change of circumstances raised was that of Appellant's failure to provide a stable residence. The trial court also relied on the stability of each parent's home life in determining Destiny's best interests. Although home stability is not a factor listed in R.C. § 3109.04(F), a trial court is also permitted to consider "all relevant factors." R.C. § 3109.04(F))(1). Furthermore, there is nothing in R.C. § 3109.04 which prevents a trial court from using the same facts to support its "best interests" determination that it used to find a change in circumstances. Appellee testified that he had a permanent job, lived with his mother, had a plan for taking care of Destiny while he was at work and would fully cooperate with any visitation schedule, including visitation with Appellant's parents. (Tr. 7-8, 35ff.). These facts would tend to support the trial court's determination that a change in custody would be in Destiny's best interests.
However, the magistrate's decision does not evaluate even one of the specific factors mentioned in R.C. § 3109.04(F)(1). In fact, R.C. § 3109.04(F) is not mentioned in the magistrate's decision or the trial court's subsequent judgment entry. The trial court's adoption of the magistrate's decision does not add any further explanation as to why it was in Destiny's best interests for Appellant to become the sole residential parent. It is difficult to conclude from the record that the trial court specifically considered any of the individual factors set forth in R.C. § 3109.04(F)(1).
There is some disagreement among the appellate districts as to whether a trial court must specifically explain each individual factor in R.C. § 3109.04(F) in making its custody determination. In Dilworth v.Dilworth (1996), 115 Ohio App.3d 537, the second district held that the record must show that the trial court considered each factor. Id. at fn. 1. The ninth district has held that it is sufficient if the evidence shows that "almost every factor" listed in R.C. § 3109.04(F)(1) was considered. In re Roberts (Nov. 5, 1997), Summit App. No. 18269, unreported. This Court has generally relied on the presumption of correctness that adheres to a trial court's decision, and has accepted that the trial court considered the relevant factors unless the record clearly shows otherwise. In re Johnson (June 6, 2001), Belmont App. No. 00 BA 4, unreported. This is one of those rare cases where there is nothing in the record to show that the relevant factors were considered.
Because this is a modification of custody case, there exists a presumption that retaining the original residential parent is in the best interests of the child. R.C. § 3109.04(E)(1)(a). The record must in some way reflect that the trial court specifically considered at least some of the individual best interests factors found in R.C. §3109.04(F)(1) before deciding to overcome this presumption and change custody. It is perfectly reasonable for a trial court to conclude that some factor not mentioned in R.C. § 3109.04(F)(1) was more important than any of the listed factors, but a reviewing court should not be left to guess that this is what occurred. The record does not reflect that the trial court sufficiently considered the factors listed in R.C. §3109.04(F)(1), and for this reason, the case must be reversed and remanded so that the trial court can consider the statutory factors. Accordingly, Appellant's assignment of error number two is sustained.
Appellant's third assignment of error argues that there was insufficient evidence to support a finding that the harm likely to be caused by the change of custody from Appellant to Appellee would be outweighed by the advantages. There are no specific factors set out in R.C. § 3109.04(E) that a trial court must consider in weighing whether the harm caused by a change in custody is outweighed by the benefits of the change. Appellant argues that a trial court may not change custody until there has been proof that harm has already been done to the child, citing Whaley v. Whaley (1978), 61 Ohio App.2d 111. Whaley
does not stand for this proposition. Whaley held that a trial court could not use a change of custody to punish a parent for engaging in immoral behavior. Id. at 119. Because Whaley does not support Appellant's argument, and because she does not present any other arguments in support of this assignment of error, it is overruled.
In conclusion, there was significant evidence presented of a change in circumstances based on the instability of Appellant's places of residence, and the first assignment of error is overruled. The record does not reflect that any of the specific best interests factors listed in R.C. § 3109.04(F)(1) were considered by the trial court, thus the second assignment of error is sustained. Appellant misinterprets the holding in Whaley and her third assignment of error is overruled. The January 22, 2001, judgment entry is hereby reversed, and this cause is remanded for the trial court to more specifically consider the best interest factors set forth in R.C. § 3109.04(F)(1).
Donofrio, J., concurs.
DeGenaro, J., concurs.