OPINION
{¶ 1} Appellant, Cynthia Edson, appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, to award a change of custody of her son Brett to his father, appellee, Mark Noonan ("Noonan").
 {¶ 2} Appellant and Noonan were never married and did not have a relationship when Brett was born in 1992. The trial court adopted an administrative finding of paternity and issued a child support order against Noonan in 1993. Noonan filed a motion for change of custody in November 2000. Appellant opposed the custody motion.
 {¶ 3} A juvenile court magistrate was assigned to hear the custody matter. Noonan was granted temporary custody of the child in August 2001, pending the custody hearing. At the beginning of the custody hearing on October 11, the guardian ad litem ("GAL") for the child withdrew from the case after appellant notified the court that the GAL had briefly represented Noonan in a criminal matter in the 1980s.
 {¶ 4} The magistrate continued the hearing. The magistrate did permit a psychologist to testify about his evaluation of the child and Noonan. The magistrate stated that she would appoint a new GAL, and that a recording of the psychologist's testimony would be available to the GAL. The magistrate also indicated that the GAL could call and question the psychologist, if necessary. A new GAL was appointed the next day. The continued custody hearing was held on November 19, 2001. The new GAL was present when the trial court interviewed the child in camera after the continued hearing.
 {¶ 5} The magistrate issued a decision on January 2, 2002, finding that there was a change of circumstances warranting a change of custody. The magistrate further found that it was in the child's best interest to name Noonan as the child's residential parent and legal custodian.
 {¶ 6} Appellant timely filed objections to the magistrate's decision. Appellant objected to the finding that placement with Noonan was in the best interest of the child and that appellant's visitation was limited to the court's parenting schedule. The trial court overruled the objections. Appellant appeals the decision, presenting two assignments of error.
Assignment of Error No. 1
 {¶ 7} "The trial court erred to the prejudice of appellant Cynthia Edson by proceeding without appointing a new guardian ad litem for the partie's [sic] minor child."
 {¶ 8} A review of the record in this case reveals that appellant told the magistrate after the first GAL had withdrawn that she wanted a GAL to be present before testimony was taken. However, appellant did not raise the issue concerning the GAL in her objections to the trial court.
 {¶ 9} Appellant's counsel argued at the objection hearing that she was objecting to the best interest determination by the magistrate, not whether the GAL was present for all of the testimony at trial or whether the magistrate erred in finding a change of circumstances.
 {¶ 10} Objections shall be specific and state with particularity the grounds of objection. Juv.R. 40(E)(3)(b); Civ.R. 53(E)(3)(b);Burns v. May (1999), 133 Ohio App.3d 351, 358.
 {¶ 11} A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law of a magistrate's decision unless the party has objected to that finding or conclusion. Juv.R. 40(E)(3)(b); Civ.R. 53(E)(3)(b); Burns at 358 (appellant waived specific objection when he filed objections but failed to object to decrease in obligation for medical expenses).
 {¶ 12} By failing to include the issue of the GAL when she filed her objections, appellant did not give the trial court the opportunity to address this alleged error below. In re Stanford, Summit App. No. 20921,2002-Ohio-3755.
 {¶ 13} Absent objection, appellant waived any claim of error, except plain error. Polly v. Coffey, Clermont App. No. CA2002-06-047,2003-Ohio-509. Plain error in civil judgments can be applied in the "extremely rare case involving the exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson, 79 Ohio St.3d 116,122-123, 1997-Ohio-401. We do not find that the action of the trial court rose to the level of plain error, based on how the trial court handled the appointment of the GAL.
 {¶ 14} Therefore, appellant's first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 15} "The trial court erred to the prejudice of appellant Cynthia Edson by granting appellee's motion for change in custody of the parties' minor child, Brett Edson."
 {¶ 16} Appellant's sole argument under this assignment of error is that the trial court erred when it found a change of circumstances sufficient to warrant the custody change.
 {¶ 17} The magistrate's finding regarding a change of circumstances was also not the subject of the objections filed with the trial court below. As we previously discussed, appellant's written objections contested the best interest finding and the court's visitation schedule. Appellant's counsel stated at the objection hearing that she was not contesting the change of circumstances finding.
 {¶ 18} Accordingly, appellant waived any error concerning the finding of change of circumstances, and we do not find plain error in the magistrate's determination of a change of circumstances. Goldfuss v.Davidson.
 {¶ 19} Further, while not specifically argued by appellant under her second assignment of error, we find that the trial court's best interest determination was supported by competent and credible evidence. The trial court was very aware of the pertinent issues with both parties under the best interest analysis, including Noonan's history of chronic substance abuse, related criminal activity, and his previous deficiencies in providing child support.
 {¶ 20} The trial court's decision is supported by a substantial amount of credible and competent evidence. We cannot say that the trial court abused its discretion in its custody determination. Flickinger v.Davis, 77 Ohio St.3d 415, 1997-Ohio-260 ; R.C. 3109.04(E)(1)(a); see Inre Wells (1995), 108 Ohio App.3d 41, 44-45; Miller v. Miller (1988),37 Ohio St.3d 71, 74.
 {¶ 21} Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.