OPINION
{¶ 1} Defendant-appellant, Edmund Davis, appeals a decision of the Middletown Municipal Court granting judgment in favor of plaintiff-appellee, Harry Finkelman, in a suit for damages arising out of the breach of a residential lease agreement. We affirm the judgment of the trial court.
 {¶ 2} On October 9, 1999, appellant and two others, as co-tenants, leased an apartment located at 1307 Woodlawn Avenue, in Middletown, from Finkelman. The lease was for two years, commencing on October 9, 1999, and expiring on October 8, 2001. The tenants, including appellant, vacated the apartment by September 29, 2000, and stopped paying rent. The property remained vacant until it was again leased on May 19, 2001. Finkelman brought suit, seeking payment of rent and late fees from September 9, 2000 to May 19, 2001, when he was able to find another tenant.
 {¶ 3} After a hearing on the matter, a magistrate awarded Finkelman $2,103.33, the rent and late fees owed, less the security deposit retained by Finkelman. Appellant filed an objection to the magistrate's decision. The trial court overruled the objection as it failed to state with particularity any alleged errors, and because appellant failed to furnish the trial court with a transcript of the proceeding before the magistrate. Appellant appeals, raising a single assignment of error [1]
as follows:
 {¶ 4} "With the knowledge of a third party living in the apartments Mr. Finkelman agreed with the breach of the contract that caused mr. davis to leave his apartment."
 {¶ 5} Upon reviewing appellant's objection to the magistrate's decision, we find that appellant did not raise this issue in his objection. Appellant's objection states in its entirety: "I Edmund Davis objects [sic] to the decision on the above reference [sic] case, and would like to have a hearing." Civ.R. 53(E)(3)(b) provides that "a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." The failure to follow Civ.R. 53 results in a waiver of the issue for purposes of appeal. Burnsv. May (1999), 133 Ohio App.3d 351, 358; Hodges v. Hodges (May 27, 1997), Butler App. No. CA97-10-207, citing Schade v.Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210; Civ.R. 53(E)(3)(d).
 {¶ 6} Further, the issue raised in appellant's assignment of error is clearly a factual issue that must be supported by a transcript of the proceedings before the magistrate. See Civ.R. 53(E)(3)(c). While the transcript is included in the file on appeal, it was not provided to the trial court when it ruled on appellant's objection. As an appellate court, we are precluded from considering evidence not before the trial court when reviewing a magistrate's decision adopted by the trial court.Schneider v. Schneider (Jan. 22, 2001), Butler App. No. CA2000-05-089, citing State ex rel. Duncan v. Chippewa Twp.Trustees, 73 Ohio St.3d 728, 730, 1995-Ohio-272.
 {¶ 7} The assignment of error is overruled.
Judgment affirmed.
Young, P.J., and Powell, J., concur.
[1] Although appellant initially raised three assignments of error, he withdrew his second and third assignments of error.