[Cite as *Hamilton v. Digonno*, 2013-Ohio-151.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| CITY OF HAMILTON, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-05-108 |
| | : | O P I N I O N |
| - vs - | | 1/22/2013 |
| | : | |
| NICHOLAS J. DIGONNO, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2010-04-1492

Mary K. Dudley, Hamilton City Assistant Law Director, 345 High Street, 7th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

David T. Davidson, 127 North Second Street, P.O. Box 567, Hamilton, Ohio 45011, for defendant-appellant, Nicholas J. Digonno

Kim Winters, 917 Dayton Street, Hamilton, Ohio 45011, defendant, pro se

National Check Bureau, 10625 Techwoods Drive, Cincinnati, Ohio 45242, defendant, pro se

Michael T. Gmoser, Butler County Prosecuting Attorney, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for defendant, Nancy Nix, Treasurer and Roger Reynolds, Auditor

Nicholas J. Pantel, 221 East Fourth Street, Suite 400, Cincinnati, Ohio 45202 for defendant, United States

**PIPER, J.**

{¶ 1} Defendant-appellant, Nicholas Digonno, appeals a decision of the Butler County Court of Common Pleas, granting the motion of plaintiff-appellee, the city of Hamilton, to demolish a house owned by Digonno.

{¶ 2} Digonno owns property located in Hamilton, Ohio, which became the focus of a public nuisance inquiry by the Hamilton City Council. After holding a public hearing on the matter, the Hamilton City Council declared the property a public nuisance. The city of Hamilton brought an action in the Butler County Court of Common Pleas to declare the property a public nuisance and requested abatement of that nuisance. Before the matter proceeded to trial, the parties stipulated that the property was a public nuisance. The matter was referred to a magistrate, who ordered the parties to submit rehabilitation plans. Each party submitted a checklist of suggested repairs, and the issue proceeded to a bench trial on April 14, 2011, regarding the issue of abatement.

{¶ 3} According to the magistrate's entry, the parties agreed upon a checklist of items to be completed. The items included making the building safe and secure by cleaning the yard, posting "no trespassing" signs, boarding or replacing all broken windows, ensuring that all doors were secured, repairing structural damage to the corner of the house, and ensuring that no unwanted persons or animals could gain access to the building. Digonno also agreed to obtain "Certificates of Appropriateness" and building permits to replace the roof and repair the gutters, which also included the demolition of the chimney.[1] Digonno also agreed to repair or replace all of the doors and to repair the siding and paint on the building. The magistrate ordered that all work was to be completed by November 5, 2011.

---

1. Digonno was required to seek Certificates of Appropriateness before making changes, as the property is located in a classified historical district within Hamilton.

{¶ 4} The magistrate's entry also stated, "if at the end of the six-month time period, Defendant has completed the entire checklist, then a final occupancy date will be set." The magistrate's entry went on to state, "however, if at the end of the six-month period Defendant has failed to complete the checklist in its entirety, Defendant agrees that Plaintiff will be permitted to proceed with abatement by demolition of the premises and costs will be assessed to Defendant."

{¶ 5} Digonno objected to the magistrate's decision. In its entirety, the objection states, "now comes Defendant Nicholas J. Digonno, by and through counsel and hereby submits his Objection to the Magistrates [sic] Decision that was filed on May 3, 2011. The Defendant would ask the Court to set hearing [sic] on this matter at its earliest convenience." The trial court held a hearing, and then issued a decision expanding the amount of time Digonno had to complete the checklist, ordering completion by April 1, 2012. However, the trial court's entry did not change any other finding or order as set forth in the magistrate's decision.

{¶ 6} Digonno completed some of the items on the list, including replacing the roof and chimney, but was not able to complete the entire list by April 1, 2012. Hamilton moved for demolition, and the trial court held a hearing on the motion. During the hearing, Digonno confirmed that the agreement in place was that demolition would proceed if the checklist was not completed in its entirety within the given time frame. Digonno's main contention at the demolition hearing was that he had not agreed to the checklist as set forth within the magistrate's order. The trial court granted the city's motion for demolition on May 11, 2012. Digonno now appeals the trial court's order of demolition, raising the following assignments of error. For ease of discussion, we will address Digonno's three assignments of error together, as they are interrelated.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED BY ORDERING COMPLETION OF A CHECKLIST OF ITEMS MORE EXTENSIVE THAN THAT NECESSARY TO ABATEMENT [sic] THE PUBLIC NUISANCE.

{¶ 9} Assignment of Error No. 2:

{¶ 10} TRIAL COURT [sic] ERRED BY NOT RULING WHETHER THE PUBLIC NUISANCE WAS ABATED PRIOR TO ORDERING THE DEMOLITION OF THE PROPERTY

{¶ 11} Assignment of Error No. 3:

{¶ 12} THE TRIAL COURT ERRED BY ORDERING THE DEMOLITION OF APPELLANT'S PROPERTY AS THE METHOD OF ABATEMENT.

{¶ 13} Digonno argues in his assignments of error that the trial court erred in ordering demolition as the proper means of abatement.

{¶ 14} According to R.C. 3767.41(2)(a), a public nuisance is

> a building that is a menace to the public health, welfare, or safety; that is structurally unsafe, unsanitary, or not provided with adequate safe egress; that constitutes a fire hazard, is otherwise dangerous to human life, or is otherwise no longer fit and habitable; or that, in relation to its existing use, constitutes a hazard to the public health, welfare, or safety by reason of inadequate maintenance, dilapidation, obsolescence, or abandonment.

R.C. 3767.41(3) defines abatement as

> the removal or correction of any conditions that constitute a public nuisance and the making of any other improvements that are needed to effect a rehabilitation of the building that is consistent with maintaining safe and habitable conditions over its remaining useful life. "Abatement" does not include the closing or boarding up of any building that is found to be a public nuisance.

{¶ 15} Digonno essentially argues first that the trial court erred by ordering him to make improvements to the property that exceeded the requirements set forth within the statute. However, the record indicates that Digonno agreed to the abatement list and did not

- 4 -

file any specific objections to the magistrate's decision. As previously stated, the magistrate's entry specifically states that "the parties agreed to allow Defendant six (6) months to complete *an agreed upon* checklist of items." (Emphasis added.) Although Digonno argued at the demolition hearing that he had not in fact agreed to the checklist, there is no indication in the record to support this contention.

{¶ 16} The objection made by Digonno lacked any specificity and was as general as could possibly have been stated. "Now comes Defendant Nicholas J. Digonno, by and through counsel and hereby submits his Objection to the Magistrates [sic] Decision that was filed on May 3, 2011. The Defendant would ask the Court to set hearing [sic] on this matter at its earliest convenience." Digonno did not file a supplemental objection, nor did he ever express in the record what his objection to the magistrate's decision was. Perhaps Digonno explained his objection in greater detail during the hearing before the trial court. However, Digonno has not provided this court with a record of those proceedings, and has therefore failed to preserve the record. Nor does the trial court's entry indicate that any other issue was raised during the hearing, and its decision focused solely on the given time frame within which Digonno was ordered to complete the abatement checklist.

{¶ 17} Therefore, when addressing Digonno's three assignments of error, we are left with two problems: (1) the lack of a specific and particular objection; and (2) the lack of a complete record. Either one would be fatal to Digonno's appeal, as we are unable to adequately conduct an appellate review on the issue of whether Digonno objected to the content of the abatement checklist when we have no record that any such issue was raised before the trial court.

{¶ 18} According to Civ.R. 53(D)(3)(b)(ii), "an objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(iii) requires that a party objecting to a factual finding within the magistrate's decision must file a

transcript with the trial court.

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * * The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶ 19} Civ.R. 53(D)(3)(b)(iv) goes on to specifically state that a party waives the right to assign an adoption by the trial court as error on appeal when the party fails to adhere to the precepts set forth within Civ.R. 53(D)(3)(b) as discussed above.

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).[2]

*See also Wilkerson v. Wilkerson*, 12th Dist. Nos. CA2004-02-043, CA2004-02-046, 2005-Ohio-1236, ¶ 14 (stating that "an appellate court need not consider an error that could have been objected to, but was not brought to the attention of the trial court").

{¶ 20} While Digonno may have offered a more specific objection to the trial court during the hearing on his objection, this court has no way of knowing because Digonno has failed to provide this court with a transcript from the hearing, as is his duty on appeal. Whether Digonno agreed to the list of abatement requirements is purely a factual issue, one that would have been recorded during the magistrate's bench trial. Without the transcript, the trial court was unable to determine whether Digonno agreed to the list as stated in the magistrate's entry. Therefore, we, as an appellate court, cannot review this issue because

---

2. Digonno does not argue that the trial court's decision constitutes plain error.

not only is the transcript not included in the record, but also it was never presented to the trial court to review before deciding Digonno's objection. *Finkelman v. Davis*, 12th Dist. No. CA2003-07-173, 2004-Ohio-3909.

{¶ 21} In the absence of any indication in the record that Digonno challenged the contents/extent of the abatement list or that he had agreed that demolition would be the proper remedy if he failed to perform all the required abatement actions, we must presume the regularities as stated in the magistrate's written entry that both parties agreed to the checklist and that both parties agreed to demolition absent completion of the abatement checklist. See *Geico Indemnity Co. v. Alausud*, 12th Dist. No. CA2010-11-315, 2011-Ohio-2599, ¶ 16 (noting that this court has "no choice but to presume the regularity of the trial court's proceedings" when a party fails to provide a transcript of the proceedings below).

{¶ 22} Therefore, we presume that the magistrate's entry accurately reflected what occurred at the proceeding; that both parties agreed to the abatement checklist and agreed that the city would demolish the property if Digonno failed to complete the checklist within the given time frame. As such, any challenge Digonno makes to the checklist or to the trial court implementing the agreed course of action is waived in the face of his failure to specifically object to the magistrate's order and in the absence of any transcript demonstrating that Digonno did not agree to the demolition as was stated in the magistrate's entry.

{¶ 23} Digonno argues that the trial court was required to make certain statutory findings that a public nuisance exists, that he was given a reasonable opportunity to abate it, and that he ultimately failed to abate the nuisance. In support, Digonno cites R.C. 3767.41(C), as well as this court's decision in *City of Hamilton v. Ebbing*, 12th Dist. No. CA2011-01-001, 2012-Ohio-2250 (12th Dist.). However, the requirements set forth in R.C. 3767.41 are not dispositive and *Ebbing* is readily distinguishable because Digonno specifically stipulated that his property was a public nuisance and that the proper means of

abating the nuisance if he failed to complete the checklist was demolition. Therefore, the trial court was not required to make any additional findings, save that Digonno failed to complete the checklist within the given time frame.

{¶ 24} The record demonstrates that the trial court specifically considered whether Digonno completed the items on the checklist as ordered, and found that he had not. During the demolition hearing, the trial court considered evidence that Digonno had only completed a small portion of the checklist, and had failed to address issues regarding the windows, gutters, siding, as well as structural issues on the corners of the home. Digonno agreeing to demolition upon his failure to complete the abatement checklist alleviated the need for the court to make any other findings before moving forward on the demolition, as that remedy was agreed to by both parties and ordered within the trial court's previous entry. As such, Digonno's assignments of error challenging the trial court's order of demolition are overruled.

{¶ 25} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.