[Cite as *Dowers v. Dowers*, 2015-Ohio-4530.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


ANGELA R. DOWERS,                        :

    Plaintiff-Appellee,               :            CASE NO.   CA2015-04-071

                                     :            O P I N I O N
    - vs -                                                                    11/2/2015

                                       :

EDWARD P. DOWERS,                        :

    Defendant-Appellant.              :


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR13101116


Angela R. Dowers, 1757 Stillwell-Beckett Road, Hamilton, Ohio 45013, plaintiff-appellee, pro se

Edward P. Dowers, 2085 Cathedral Lane, Hamilton, Ohio 45013, defendant-appellant, pro se


**HENDRICKSON, J.**

{¶ 1}   Defendant-appellant, Edward P. Dowers (Husband), appeals from the judgment of the Butler County Common Pleas Court, Domestic Relations Division, granting a decree of divorce to him and plaintiff-appellee, Angela R. Dowers n.k.a. Angela R. Westrich (Wife).  For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2}   The parties were married in 1991.  Five children were born as issue of the marriage.  In 2013, Wife filed a complaint for divorce, and Husband filed an answer and

counterclaim. In 2014, a final, contested hearing was held on the parties' claims. In 2015, the trial court granted both parties a divorce, divided their marital property, and approved their shared parenting plan.

{¶ 3} Husband, acting pro se, now appeals from the trial court's judgment, assigning the following as error:

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED WHEN ACCOUNTING [sic] THE SALE OF ONE MARITAL ASSET TO PURCHASE TWO OTHER MARITAL ASSETS.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT ERRED BY NOT USING THE NADA VALUE OF THE NISSAN ARMADA BEING CONSISTENT WITH VALUES ON OTHER AUTOMOBILES.

{¶ 8} Assignment of Error No. 3:

{¶ 9} THE TRIAL COURT ERRED BY ALLOWING THE APPELLEE TO SUBMIT EVIDENCE THE DAY OF THE TRIAL FOR THE SALE OF A DODGE CARAVAN AND PURCHASE OF AN AUTOMOBILE NISSAN PATHFINDER.

{¶ 10} Assignment of Error No. 4:

{¶ 11} THE TRIAL COURT ERRED BY REWARDING [sic] CHILD SUPPORT FROM JANUARY 2013 TO JULY 2013.

{¶ 12} As a threshold matter, we note that Husband has not filed any transcript of the proceedings in this case. It is well-settled that if an appellant fails to provide the court of appeals with a transcript or an agreed statement of the trial court's proceedings, he or she generally will be unable to demonstrate the error on which his or her appeal is based, and in such instances, the court of appeals must presume the regularity and correctness of the proceedings in the trial court. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199-200 (1980). However, there is no per se rule requiring an appellant to order transcripts of all

proceedings held in the trial court in order to obtain appellate review, and if a party can demonstrate error by use of the original papers and exhibits thereto or by the docket and journal entries, it is not necessary for the appellant to provide an appellate court with a transcript of proceedings. *Conway v. Ford Motor Co.*, 48 Ohio App. 2d 233, 236 (8th Dist.1976); *Harmon v. Adams*, 3d Dist. Union No. 14-01-27, 2002-Ohio-2103, ¶ 39-40.

{¶ 13} In his first assignment of error, Husband notes that the trial court credited him with having $6,225 in marital assets as a result of his possession of the parties' 2004 Nissan Armada, which he sold during the pendency of the divorce proceedings. He argues the trial court erred when it counted this $6,225, along with the $1,500 down payment he made on a 2005 Honda Pilot, and the $3,425 he paid for a 2000 Chevy Silverado, as constituting three separate transactions that resulted in three separate "gains" for him and then offset those "gains" with an increased award of marital property to Wife. Husband asserts that he used the money he received from the sale of the Nissan Armada to make a down payment on the Honda Pilot and to purchase the Chevy Silverado, and therefore, the trial court should have viewed the three transactions as only one transaction that produced only one "gain" for him. He asserts that had the trial court done so, it would have resulted in his receiving $4,500 in additional marital assets. We find this argument unpersuasive.

{¶ 14} Husband's argument is based on his factual assertion in his brief that he used the money he received when he sold the Nissan Armada to make a down payment on the Honda Pilot and to purchase the Chevy Silverado. However, "factual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case." *Akro-Plastics v. Drake Indus.*, 115 Ohio App. 3d 221, 225 (11th Dist.1996). Here, there is nothing in the record to support Husband's factual assertion that he used the money he received from the sale of the Nissan

Armada to make a down payment on the Honda Pilot and to purchase the Chevy Silverado, and therefore we may not consider it in determining the merits of this appeal. *Id.*

{¶ 15} Consequently, Husband's first assignment of error is overruled.

{¶ 16} In his second assignment of error, Husband argues the trial court erred in valuing the Nissan Armada at $6,225. He contends that the trial court obtained this value by accepting as correct a spreadsheet produced by Wife who, Husband alleges, "guessed" at the vehicle's value. He asserts that he was able to sell the vehicle for only $4,500. In support, he argues that at the time of the vehicle's sale, his bank statement showed a deposit of $4,000, the vehicle's NADA value was $4,800, and Wife presented no evidence to indicate that the vehicle's actual value was greater than the $4,500 he received when he sold it. Therefore, he requests that he be awarded the difference between the $4,500 sales price of the vehicle and the trial court's determination that the vehicle's value is $6,225, or $1,725. However, once again, Husband's factual assertions in his appellate brief are not part of the record, and therefore we cannot consider them in determining the merits of this claim. *Akro-Plastics*, 115 Ohio App. 3d at 225.

{¶ 17} Consequently, Husband's second assignment of error is overruled.

{¶ 18} In his third assignment of error, Husband argues the trial court erred by allowing Wife to submit evidence on the day of trial regarding the price of a 2009 Dodge Caravan that she had traded in to purchase a 2010 Nissan Pathfinder. Husband asserts that the Dodge Caravan's NADA value was $6,500 and that he made repeated requests for documentation regarding the sale of the vehicle, but Wife did not respond to the requests until the day of trial. As a result, Husband contends, he had no chance to rebut Wife's arguments regarding the Dodge Caravan's value. As a remedy for Wife's failure to provide him with the documentation he requested, Husband requests that the Dodge Caravan's $6,500 NADA trade-in value be split evenly between the parties and that since Wife already received $500

for the vehicle's trade-in value when she purchased the Nissan Pathfinder, his portion should be $3,225. We find this argument unpersuasive.

{¶ 19} Since Husband has not filed a transcript of the proceedings held in the trial court, there is no indication in the record that Wife failed to comply with Husband's discovery requests or that Husband made an effort to bring Wife's alleged noncompliance with his discovery requests to the trial court's attention at a time when the trial court could have compelled Wife's compliance. As previously noted, Husband's factual assertions in his appellate brief are not part of the record, and therefore we cannot consider them in determining the merits of this claim. *Akro-Plastics*. Thus, the record again fails to support Husband's claim of error, and therefore Husband is not entitled to the remedy he now requests.

{¶ 20} In light of the foregoing, Husband's third assignment of error is overruled.

{¶ 21} In his fourth assignment of error, Husband argues the trial court erred by refusing to award him $3,800 in child support from January 2013 to July 2013, because during that period, he was still living in the marital home and paying the household expenses. However, the period from January 2013 to July 2013 was four months prior to the time Wife filed her complaint for divorce and five months prior to the time Husband filed his answer and counterclaim. It is well-settled that a domestic relations court lacks jurisdiction to award child support for the period preceding the filing of the divorce action. *Jackson v. Jackson*, 137 Ohio App. 3d 782, 799-800 (2d Dist.2000). Thus, Husband was clearly not entitled to any compensation for child support for this period.

{¶ 22} Accordingly, Husband's fourth assignment of error is overruled.

{¶ 23} Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.