[Cite as *Havens v. Havens*, 2018-Ohio-4721.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| VERNON LEE HAVENS II, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2018-05-006 |
| | : | O P I N I O N |
| - vs - | | 11/26/2018 |
| | : | |
| DEBORAH KAY HAVENS, et al., | : | |
| Defendants-Appellees. | : | |

CIVIL APPEAL FROM WASHINGTON COURT HOUSE MUNICIPAL COURT
Case No. CVF1700464

Vernon Lee Havens II, 1238 State Route 38 N.E., Washington C.H., Ohio 43160, plaintiff-appellant, pro se

Butler & Marshall, D. Brent Marshall, 108 North Hinde Street, Washington C.H., Ohio 43160, for defendant-appellees

**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, Vernon Lee Havens II, appeals the decision of the Washington Court House Municipal Court, dismissing this matter based upon lack of subject matter jurisdiction. For the reasons detailed below, we affirm.[1]

---

1. Pursuant to Loc.R. 6(A). the court hereby sua sponte removes this case from the accelerated calendar for purposes of issuing this opinion.

{¶ 2} On July 3, 2017, appellant filed a pro se complaint against defendants-appellees, Deborah Havens, Stephen Havens, and Tamara Ruth, arising from the death and administration of the estate for Christine Yvonne Havens. The complaint alleged various claims for conversion, fraud, breach of fiduciary duty, misappropriation, duress, undue influence, tortious interference of inheritance and just repayment of debt.

{¶ 3} Appellees jointly answered appellant's complaint on July 19, 2017. Thereafter, appellant filed numerous motions with the trial court for summary judgment, default judgment, as well as requests to strike appellees' responses, "bar discriminatory time extension," and "enforce court orders."

{¶ 4} On December 26, 2017, appellees moved to dismiss appellant's complaint on the basis that the complaint sought an accounting of decedent's estate assets and also challenged the use of a power of attorney, all claims having exclusive jurisdiction in the probate court pursuant to R.C. 2101.24.

{¶ 5} On April 23, 2018, the trial court granted appellees' motion to dismiss the complaint based on lack of subject matter jurisdiction. In so doing, the trial court noted:

> For reasons more fully set out in the court's decision on the record following the hearing. [sic] The court finds that pursuant to O.R.C. 2101.24, the Probate Court has exclusive jurisdiction over the causes of action brought by the plaintiff in his complaint and amended complaint.

{¶ 6} Appellant now appeals the trial court's decision, raising two assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED BY DISMISSING THE PLAINTIFF'S CASE, PRETRIAL.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ERRED IN NOT GRANTING THE PLAINTIFF DEFAULT

JUDGMENT AGAINST THE DEFENDANTS.

{¶ 11} We will address appellant's assignments of error together. In the present case, appellant failed to file a transcript of the proceedings in this case. It is well-settled that if an appellant fails to provide the court of appeals with a transcript or an agreed statement of the trial court's proceedings, he or she generally will be unable to demonstrate the error on which his or her appeal is based, and in such instances, the court of appeals must presume the regularity and correctness of the proceedings in the trial court. *Dowers v. Dowers*, 12th Dist. Butler No. CA2015-04-071, 2015-Ohio-4530, ¶ 12.

{¶ 12} In his first assignment of error, appellant argues the trial court erred by dismissing this case based on a lack of subject matter jurisdiction. However, the complaint and all accompanying filings indicate that appellant's action relates to claims properly before the probate court. Since appellant failed to provide this court with the transcript of proceedings, appellant is unable to demonstrate any error on which his appeal is based. As a result, we presume the regularity of the proceeding and find the trial court properly found that it lacked subject matter jurisdiction under R.C. 2101.24.

{¶ 13} In his second assignment of error, appellant maintains that he was entitled to default judgment. We disagree for the same reasons set forth above. Moreover, we note that default judgment would be improper in any event because, even if the trial court had jurisdiction over the matter, appellees timely answered appellant's complaint. As a result, default judgment under Civ.R. 55 would be inappropriate. Appellant's first and second assignments of error are overruled.

{¶ 14} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.

- 3 -