**[Cite as *Swanson v. Swanson*, 2020-Ohio-3754.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Steve Swanson                                      Court of Appeals No. WD-20-005

     Appellee                                     Trial Court No. 2002 DR 0018

v.

Amanda Swanson                              **DECISION AND JUDGMENT**

     Appellant                                    Decided:  July 17, 2020

* * * * *

Amanda Swanson, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Amanda Swanson, appeals from the judgment of the Wood

County Court of Common Pleas, Domestic Relations Division, denying her motion to

show cause and for Civ.R. 11 sanctions.  For the reasons that follow, we affirm.

**I.  Facts and Procedural Background**

{¶ 2} Appellant, and appellee, Steve Swanson, were divorced many years ago.  On

February 9, 2010, they entered into a consent order whereby appellee agreed to pay child

support of $365.09 per month for their son, S.S. S.S. was born in 1996, and has developmental disabilities that prevent him from fully caring for himself. The consent agreement stated that child support shall continue for S.S. beyond the age of 19, but that the obligation "will be reviewed on a regular basis."

{¶ 3} In 2015, appellee moved to review or terminate child support for S.S. Appellant did not appear for the hearing on this motion. After the hearing, the trial court denied appellee's motion to review or terminate child support for S.S., finding that appellee was unable to present any information regarding S.S.'s current circumstances.

{¶ 4} Thereafter, on April 2, 2019, appellee again moved to terminate child support for S.S. Appellant's 2019 motion was premised on the grounds that S.S. was then 23 years old, had graduated high school, was partially employed, and had the ability to earn income or apply for disability assistance. Appellee's motion was scheduled for a hearing on August 14, 2019.

{¶ 5} The day before the hearing, on August 13, 2019, appellant filed a pro se motion to show cause and for costs pursuant to R.C. 2323.51 and Civ.R. 11. In her motion, appellant alleged that appellee's filing of his 2019 motion to terminate child support was frivolous because those issues had already been decided in 2015. Appellant also alleged that appellee failed to comply with Wood County Court of Common Pleas Local Rule 6.08 when he moved to terminate child support. In addition, appellant alleged that appellee gave false financial information to the court and to the Wood County Child Support Enforcement Agency, specifically referring to money that was taken from the

2.

children's college savings accounts.[1]  Finally, appellant alleged that appellee has repeatedly used the court to harass appellant by filing frivolous motions and putting forth false information.  In support of this last allegation, appellant cited four instances: (1) appellee misled the court that he was unaware of S.S.'s condition; (2) in his 2015 motion to terminate child support, appellee falsely stated that S.S. had graduated from high school in 2015; (3) in 2019, appellee incorrectly stated in a June 25, 2019 motion to continue that the hearing was scheduled for June 26, 2019, when it was actually scheduled for June 27, 2019, which confused appellant and caused her to show up to court on the wrong date; and (4) appellee sent interrogatories in the wrong format, which forced appellant to re-type the document in its entirety.

{¶ 6} On August 14, 2019, a hearing on appellee's motion to terminate child support was held before the magistrate.  A transcript of that hearing has not been made part of the record on appeal.

{¶ 7} Following the hearing, the magistrate ordered that appellee's child support obligation for S.S. be reduced by 50 percent, to $182.54 per month.  In her decision, the magistrate found that S.S. graduated high school in 2018, that he is considering attending college on a part-time basis, that he was invited to participate in a five-week vocational and independent living experience in March 2018, that he has been successfully working at Jimmy John's since 2017, earning $11,400 in 2018, and that as of January 2019, he

---

[1] Appellant and appellee had a total of three children together.

3.

was the owner of a house valued at approximately $240,000. The magistrate recognized that although S.S. is not able to live independently, he has made great strides and is contributing to his own support.

{¶ 8} Appellant did not timely appeal the magistrate's decision, and it was approved by the trial court on September 20, 2019.

{¶ 9} On October 4, 2019, appellee moved to dismiss appellant's motion to show cause, arguing that the motion largely appeared to be an answer to the motion to terminate child support, which has since been litigated and decided. Regarding the college funds, appellee asserted that there was nothing in the original divorce decree or any subsequent rulings that required him to maintain those accounts.

{¶ 10} In appellant's response to appellee's motion to dismiss, appellant argued that the magistrate specifically stated that the motion to show cause would not be heard or litigated at the August 14, 2019 hearing. Further, she stated that appellee had taken money from the college funds, but did not report that as income. Appellant also alleged that appellee acknowledged that he had given false sworn testimony and submitted false documents to the court about S.S.'s graduation in order to have child support reduced.

{¶ 11} On October 10, 2019, the magistrate issued her decision, denying appellant's motion to show cause and for sanctions. The magistrate found that while the motion to show cause was not ripe for consideration on August 14, 2019, much of the content in appellant's motion to show cause related to the motion to terminate child support, and in fact, appellee testified and cross-examined appellant using arguments

4.

contained in appellant's motion to show cause. The magistrate further recognized that the parties have been to court multiple times on the child support issue, but noted that the court has continuing jurisdiction to review the child support order, and that either party has the right to bring a motion to the court. Thus, the magistrate concluded that appellant had not stated a cause of action for a potential finding of contempt or for Civ.R. 11 sanctions, and thereby denied appellant's motion and vacated a hearing that had been scheduled for November 1, 2019.

{¶ 12} On October 24, 2019, appellant timely filed her objections to the magistrate's decision. In her objections, appellant argued that the motion to show cause was specifically not heard or litigated during the August 14, 2019 hearing. Appellant also reasserted her argument that appellee withdrew approximately $45,000 in funds from the children's college savings accounts and did not report that as income for child support calculation purposes, and her argument that appellee gave false testimony about S.S.'s high school graduation date. Appellant concluded that her motion to show cause clearly stated a cause of action for finding appellee in contempt.

{¶ 13} On December 27, 2019, the trial court entered its judgment, overruling appellant's objections, and adopting the October 10, 2019 magistrate's decision. The court reasoned that appellant failed to demonstrate contempt because she failed to provide evidence that appellee has disobeyed a court order, and nothing in the record indicates that appellee has failed to make a child support payment or that he is in arrears. The court also noted that both parties had the opportunity to testify and cross-examine

5.

each other about all pertinent financial information during the August 14, 2019 hearing. As to the request for Civ.R. 11 sanctions, the trial court found that it had continuing jurisdiction to review the child support order, and that appellee's conduct of filing a meritorious motion to terminate child support based upon a substantial change in circumstances for S.S. was not frivolous.

## II. Assignment of Error

{¶ 14} Appellant has timely appealed the trial court's December 27, 2019 judgment, and now asserts one assignment of error for our review:

1. The trial court committed a reversible error by including errors of fact in the Judgment of December 27, 2019 and by not following the court's decision of December 10, 2015 concerning child support for son [S.S.], an adult with a disability.

## III. Analysis

{¶ 15} We review a trial court's decision in a contempt proceeding for an abuse of discretion. *Siegel Seaman v. Sloan*, 2016-Ohio-5432, 60 N.E.3d 1270, ¶ 12 (6th Dist.); *State ex rel. Delco Moraine Div., General Motors Corp. v. Indus. Comm. of Ohio*, 48 Ohio St.3d 43, 44, 549 N.E.2d 162 (1990). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 16} In support of her appeal, appellant argues that the trial court's December 27, 2019 judgment contains two mistakes of fact. First, appellant argues that

6.

the court's statement that "During the August 14, 2019 hearing, both parties had the opportunity to testify and cross-examine each other on these issues," was factually incorrect because appellant was repeatedly warned during the hearing not to bring up the issues raised in the motion to show cause. Second, she argues that the court's statement that "[S.S.] graduated from high school, participated in an independent living program, obtained part-time employment at Jimmy Johns, and purchased his own home," was factually incorrect because S.S. obtained the employment with a job coach and assistance, and because S.S. never purchased his own home and would be unable to do so.

{¶ 17} With regard to whether the trial court's statements were incorrect, we note that those statements of fact are supported by the magistrate's decision granting appellee's motion to terminate child support. Moreover, because a transcript of the August 14, 2019 hearing was not provided, we cannot independently review what was said at that hearing. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Therefore, we find no merit to appellant's argument that the trial court's judgment contained factual errors.

{¶ 18} In addition, although not contained in the argument section of appellant's brief, in the interest of justice we will consider appellant's various other assertions.

7.

Appellant presents five arguments for why appellee should be held in contempt, which we will address in turn: (1) appellee violated Wood County Court of Common Pleas Local Rule 6.08, which sets forth certain requirements that must be met when filing a motion to modify a prior domestic relations order; (2) appellee withdrew an estimated $45,000 from their sons' college accounts and did not report that amount as income; (3) appellee gave false testimony that S.S. graduated from high school in 2015; (4) appellee intentionally put the wrong dates on a June 25, 2019 motion to continue which confused appellant and caused her to miss a hearing; and (5) appellee sent interrogatories in the incorrect format, forcing appellant to re-type the entire document.

{¶ 19} "In general, contempt occurs when a party disobeys a court order." *McDonald v. Rodriguez*, 6th Dist. Sandusky No. S-16-042, 2017-Ohio-8509, ¶ 9, citing *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). "To establish contempt, the moving party must establish a valid court order, knowledge of the order by the defendant, and a violation of the order." *Id.*, quoting *Henry v. Henry*, 9th Dist. Summit No. 27696, 2015-Ohio-4350, ¶ 12.

{¶ 20} In her first argument, appellant states that appellee violated Wood County Court of Common Pleas Local Rule 6.08, in particular, the requirement that appellee's motion to terminate child support should have referred to the February 9, 2010 consent decree and the denial of appellee's 2015 motion to review or terminate child support. Notably, Wood County Court of Common Pleas Local Rule 6.08(B) provides that failure to comply "may be sufficient grounds to deny a motion for filing, or if filed, to be

8.

dismissed." Because the rule is a procedural rule that does not even mandate dismissal of the motion, and because appellee's noncompliance had zero prejudicial impact on the proceedings, we hold that the trial court did not abuse its discretion in failing to hold appellee in contempt.

{¶ 21} Relatedly, appellant argues that appellant's 2019 motion to terminate child support was frivolous conduct under Civ.R. 11 because the issue had been decided in 2015. Like contempt, we review a trial court's decision on a motion for Civ.R. 11 sanctions for an abuse of discretion. *Bergman v. Genoa Banking Co.*, 6th Dist. Ottawa No. OT-14-019, 2015-Ohio-2797, ¶ 34. Here, the February 9, 2010 consent order specifically recognized that the issue would be reviewed "on a regular basis," and the trial court recognized that it had continuing jurisdiction to review the child support order. Furthermore, the trial court found that there had been a substantial change in S.S.'s circumstances, warranting a reduction in child support. Therefore, we hold that the trial court did not abuse its discretion in determining that the 2019 motion to terminate child support was not frivolous.

{¶ 22} Thus, appellant's first argument is without merit.

{¶ 23} Second, appellant again raises the issue of appellee withdrawing funds from the college savings accounts. We note that the only evidence in the record of this occurring is a bank statement from a savings account showing a funds transfer of $2,283.61 on March 6 of an unknown year. However, even assuming that appellant's allegations are true, appellant has not identified any court order that appellee violated,

9.

and the trial court found that there was no evidence that appellee had ever missed a child support payment or that he is in arrears. Furthermore, the trial court found that much of the allegations were related to appellee's motion to terminate child support and both parties had the opportunity to testify and cross-examine each other on those issues at the August 14, 2019 hearing. As discussed above, because there is no transcript from the August 14, 2019 hearing, we must presume the regularity of the proceedings. Therefore, we find that the trial court's attitude was not unreasonable, arbitrary, or unconscionable, and we hold that the trial court did not abuse its discretion in failing to hold appellee in contempt.

{¶ 24} Third, appellant argues that appellee gave false testimony in the hearing on his 2015 motion to review or terminate child support, in that appellee testified that S.S. graduated from high school in 2015, when he in fact did not graduate until 2018. On this point, the magistrate's decision following the 2015 hearing found that appellant testified that he heard from S.S.'s brother that S.S. graduated from high school and is "doing well," but that appellant had not spoken to S.S. in over a year, and had no further information about S.S.'s whereabouts, his capacity to work, or whether or not he was employed. Thus, given appellant's lack of knowledge about S.S.'s circumstances at the time—which was the basis of the trial court's denial of his motion to review or terminate child support—it is not clear that appellant knowingly provided a false statement to the court, and we hold that the trial court did not abuse its discretion for failing to hold him in contempt.

10.

{¶ 25} Fourth, appellee argues that appellant intentionally put the wrong dates in a June 25, 2019 motion to continue, which caused appellant to become confused and miss the hearing date. In the motion, appellee requested a continuation of a June 26, 2019 hearing, when the hearing was actually scheduled for June 27, 2019. We find that the trial court's failure to hold appellee in contempt for this conduct was not an abuse of discretion for three reasons. First, there is no evidence in the record to suggest that the mistake in days was intentional. Second, the docket reflects that appellant was sent notice of the June 27, 2019 hearing date by the court, and thus she had no reason to rely on the date in appellee's motion. Finally, the hearing was rescheduled to August 14, 2019, and appellant attended and participated in the hearing, thus she suffered no prejudice. Therefore, we hold that appellant's fourth argument is without merit.

{¶ 26} Fifth, and finally, appellant argues that appellee sent interrogatories in the wrong format. In support, appellant quoted Civ.R. 33, but provided no further information regarding this issue. Even assuming that the interrogatories were in an incorrect format—which required appellant to re-type the entire document—we hold that the trial court did not abuse its discretion in failing to hold appellee in contempt for what amounts to a trivial inconvenience to appellant.

{¶ 27} Accordingly, having found no merit to appellant's arguments, we find her assignment of error is not well-taken.

11.

## IV. Conclusion

{¶ 28} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
Thomas J. Osowik, J. _____ JUDGE

_____
Gene A. Zmuda, P.J. _____ JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.