[Cite as *Bucher v. Bucher*, 2022-Ohio-429.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| DENNIS W. BUCHER, JR., | : | |
| Appellant, | : | CASE NO. CA2021-08-019 |
| - vs - | : | O P I N I O N<br>2/14/2022 |
| | : | |
| RHONDA J. BUCHER, | : | |
| Appellee. | : | |


APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DRA 20190373


Brian E. Lusardi, for appellant.

Southeastern Ohio Legal Services, and Joshua M. Goodwin, for appellee.


**BYRNE, J.**

{¶1} Dennis W. Bucher, Jr. appeals from the final judgment entry and decree of divorce issued by the Fayette County Common Pleas Court, Domestic Relations Division. For the reasons articulated below, we affirm the decision.

{¶2} Dennis and Rhonda J. Bucher married in 2003. In December 2019, Dennis filed for divorce. In September 2020, the parties appeared before a magistrate for a final

hearing on contested issues. The magistrate issued a written decision in February 2021.

{¶3} Relevant to this appeal, the magistrate found that the termination date of the marriage was the date of the final contested hearing. Furthermore, the magistrate ordered, as a form of spousal support, that Dennis pay the mortgage on the marital home through June 1, 2022, and that Rhonda would have exclusive use of the marital home during that time. After June 1, 2022, Rhonda would have the option to purchase the property. If she did not, the home would be sold, and the equity split between the parties.

{¶4} Dennis subsequently filed a timely objection to the magistrate's decision. In it, he objected to various aspects of the magistrate's findings, including the date of the termination of the marriage, the purchase price of the marital home, and the disposition of insurance proceeds. All of these issues related to testimony and evidence presented at the contested hearing. Civ.R. 53(D)(3)(b)(iii) requires parties objecting to a magistrate's factual findings to file a transcript or affidavit of evidence. Alternatively, the rule permits a party to seek leave of court to present an alternative manner of reviewing the relevant evidence. However, Dennis did not request or file a transcript of the September 2020 hearing, file an affidavit of evidence, or seek leave to present an alternative method of reviewing the evidence.

{¶5} In July 2021, the domestic relations court issued a decision on the objections. The court noted that "no transcript was prepared pursuant to Civil Rule 53." The court then stated it had conducted an independent analysis of the magistrate's decision, found that the decision applied the appropriate law, and adopted the decision, in full, as the court's final judgment.

{¶6} Dennis appealed, raising the following two assignments of error.

{¶7} Assignment of Error No. 1:

{¶8} THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT

THE FINAL HEARING DATE WAS THE TERMINATION DATE OF THE MARRIAGE INSTEAD OF USING THE DE FACTO DATE, WHEN BOTH PARTIES BILATERALLY DECIDED TO END THEIR MARRIAGE, THE PARTIES TESTIFIED FOR NEARLY THREE YEARS THE PARTIES HAVE LIVED IN SEPARATE HOUSES, MADE NO ATTEMPT TO RECONCILE, AND KEPT SEPARATE FINANCIAL ACCOUNTS AND DID NOT HOLD THEMSELVES OUT AS STILL BEING MARRIED.

{¶9} Assignment of Error No. 2:

{¶10} THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ADDRESS THE DIMINUTION IN VALUE TO THE REAL ESTATE WHEN THE APPELLEE RECEIVED THE FIRE INSURANCE PROCEEDS OF $14,000.00 AND PRODUCED ONLY $1,600.00 IN RECEIPTS FOR WORK ALLEGED[LY] PERFORMED ON THE HOME.

{¶11} Dennis filed the transcript of the September 2020 final contested hearing in conjunction with this appeal. He cites the transcript and the testimony of the parties at the hearing in support of his arguments on appeal, despite having failed to provide the transcript to the trial court. We may not consider the testimony outlined in the transcript because "an appellate court is precluded from considering evidence not before the court below." *Herbert v. Herbert*, 12th Dist. Butler No. CA2011-07-132, 2012-Ohio-2147, ¶ 15, citing *Finkelman v. Davis*, 12th Dist. Butler No. CA2003-07-173, 2004-Ohio-3909, ¶ 6.

{¶12} When a party objecting to a magistrate's decision fails to file a transcript or affidavit of evidence as required by Civ.R. 53(D)(3)(b)(iii), the trial court is free to adopt the magistrate's findings without further consideration of the objections. *Id.* at ¶ 14; *Stevens v. Stevens*, 12th Dist. Warren Nos. CA2009-02-028, CA2009-06-073, 2010-Ohio-1104, ¶ 23. In such circumstances, the trial court is limited to examining only the magistrate's conclusions of law and recommendations and has the discretion to adopt the factual findings of the magistrate. *Bartlett v. Sobetsky*, 12th Dist. Clermont No. CA2007-07-085,

2008-Ohio-4432, ¶ 9.

{¶13} Where issues related to evidentiary proceedings are raised on appeal, in the absence of a transcript, we "presume the regularity and correctness of the proceedings in the trial court." *Dowers v. Dowers*, 12th Dist. Butler No. CA2015-04-071, 2015-Ohio-4530, ¶ 12.

{¶14} Upon review of the magistrate's and domestic relation court's decisions, we find nothing that would indicate any error of law committed by the magistrate or the domestic relations court. We find nothing that would overcome the presumption of regularity and correctness. For these reasons, we overrule the assignments of error and affirm the decision of the domestic relations court.

{¶15} Judgment affirmed.

PIPER, P.J., and HENDRICKSON, J., concur.