[Cite as *Jones v. Jones*, 2022-Ohio-1986.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| ANDREW JONES, | : | |
| Appellant, | : | CASE NO. CA2021-05-045 |
| | : | O P I N I O N |
| - vs - | | 6/13/2022 |
| | : | |
| JULIE JONES, et al., | : | |
| Appellees. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 15DR37777

Andrew Jones, pro se.

Julie Jones, pro se.

David P. Fornshell, Warren County Prosecuting Attorney, and Andrew M. Ritchie, Assistant Prosecuting Attorney, for appellee, Warren County Child Support Enforcement Agency.

**S. POWELL, P.J.**

{¶ 1} Appellant, Andrew Jones ("Father"), appeals from the decision of the Warren County Court of Common Pleas, Domestic Relations Division, overruling his objection to a magistrate's decision denying his motion to expunge and/or seal the record of his arrest for

failing to appear on a charge of failure to pay child support, as well as several civil contempt findings related to his failure to pay child support, following his divorce from his now ex-wife, appellee, Julie Jones ("Mother"). For the reasons outlined below, we affirm the domestic relations court's decision.

**Father's Status as a Pro-Se Litigant**

{¶ 2} Before setting forth the relevant facts, we find it necessary to address Father's request that this court to grant him leeway for his "shortcomings in format and presentation" due to his lack of "formal legal training necessary to more perfectly present my issues." "[W]e allow pro se litigants 'reasonable leeway' in their pleadings so as to decide the issues on the merits." *New Falls Corp. v. Pierson*, 12th Dist. Clermont No. CA2013-03-023, 2014-Ohio-567, ¶ 6. However, although we allow pro se litigants reasonable leeway in their pleadings, something the record indicates this court actually did for Father in this case, pro se litigants like Father "are expected, as attorneys are, to abide by the relevant rules of procedure and substantive laws, regardless of their familiarity with the law." *Fontain v. H&R Cincy Props., LLC*, 12th Dist. Warren No. CA2021-02-015, 2022-Ohio-1000, ¶ 26, citing *Ditech Fin., L.L.C. v. Ebbing*, 12th Dist. Butler No. CA2018-09-182, 2019-Ohio-2077, ¶ 18.

{¶ 3} Pro se litigants like Father are also "not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21. Therefore, although he appears in this case as a pro se litigant, this court will hold Father "to the same obligations and standards set forth in the appellate rules that apply to all litigants." *Adena at Miami Bluffs Condominium Owners' Assn., Inc. v. R. Hugh Woodward*, 12th Dist. Warren No. CA2020-08-044, 2021-Ohio-3872, ¶ 20, citing *Bowles v. Singh*, 12th Dist. Clermont No. CA99-10-094, 2000 Ohio App. LEXIS 3410, *5 (July 31, 2000). Accordingly, while we previously allowed Father reasonable leeway in his pleadings,

Father's request that this court grant him any additional leeway given his status as a pro se litigant is denied.

**Facts and Procedural History**

**{¶ 4}** This case is just the next chapter in what the domestic relations court classified in its October 12, 2018 decision restricting Father's access to his two children as "a sad case that has, by far, involved the most litigation in the history of this Court," most of which has been the result of Father filing numerous "complex motions that twist and turn between a multitude of issues" that are "generally incomprehensible." This includes Father's motion at issue in this case; a motion Father filed with the domestic relations court on September 24, 2020 requesting it expunge and/or seal the record of his arrest for failing to appear on a charge of failure to pay child support and several civil contempt findings related to his failure to pay child support.

**{¶ 5}** To support his motion, Father cited to the now former R.C. 2953.32(A).[1] R.C. 2953.32(A) is part of Ohio's statutory structure used for sealing the record of a conviction. "Pursuant to that statute, an 'eligible offender' convicted of a misdemeanor could file an application to seal the record of his or her conviction one year after the offender's final discharge." *State v. Longworth*, 12th Dist. Butler No. CA2021-02-015, 2021-Ohio-4538, ¶ 4. A hearing on Father's motion to expunge and/or seal the record was held before a domestic relations court magistrate on November 17, 2020. Following this hearing, on December 3, 2020, the magistrate issued a decision recommending the domestic relations court deny Father's motion in its entirety.

**{¶ 6}** To support its recommendation, the magistrate noted the statute Father relied upon, R.C. 2953.32(A), was not applicable to this case since "Father was not convicted of

---

1. R.C. 2953.32(A)(1) was amended by 2019 SB 10 effective April 7, 2021 and by 2019 HB 1 effective April 12, 2021. R.C. 2953.32(C) was also amended by 2019 HB 431 effective April 12, 2021.

a misdemeanor for failure to pay child support." The magistrate also noted, in pertinent part, the following:

> Moreover, even if Section 2953.32 applied, this Magistrate finds that Father's request would still be denied based on Father's continued and ongoing failure to pay child support. Indeed Section 2953.32(C)(1)(c) directs the Court to examine whether the applicant seeking expungement has be[en] "rehabilitated" to the "satisfaction of the Court." Father's continued failure to pay child support indicates that Father has not been "rehabilitated."

{¶ 7} On December 17, 2020, Father filed an objection to the magistrate's decision. As part of his objection, Father argued that R.C. 2953.32(A) should apply to this case because he found it "clear that the intent of the legislatures by creating expungement and sealing of the record type rules for both misdemeanors and felonies" also "intended that all jailable offences and other lifelong damaging records of contempt of court/bankruptcy/other [should] eventually be removable too." Father also argued that assisting "the future to happen better" through the application of R.C. 2953.32(A) to this case by removing, expunging, and sealing "all of these contempt of court entries from all the records" would help him "put the past behind" him so that "it can truly become the past."

{¶ 8} On April 7, 2021, the domestic relations court issued a decision overruling Father's objection to the magistrate's decision in full. In so holding, the domestic relations court noted that it was adopting the magistrate's December 3, 2020 decision "as if fully rewritten [t]herein." This includes the magistrate's decision finding the now former R.C. 2953.32(A) was not applicable to this case since "Father was not convicted of a misdemeanor for failure to pay child support." This also includes the magistrate's decision finding that, even if R.C. 2953.32(A) did apply to this case, "Father's request would still be denied based on Father's continued and ongoing failure to pay child support."

{¶ 9} In reaching this decision, the domestic relations court noted that Father had failed to file a transcript of the November 17, 2020 hearing on Father's motion to expunge

and/or seal the record. In so doing, the domestic relations court referred to the language set forth in Civ.R. 53(D)(3)(b)(iii), which provides:

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available

{¶ 10} On May 6, 2021, Father filed a notice of appeal. In that notice, Father specifically stated that he was appealing from the domestic relations court's April 7, 2021 decision overruling his objection to the magistrate's December 3, 2020 decision denying his motion to expunge and/or seal the record of his arrest for failing to appear on a charge of failure to pay child support and several civil contempt findings related to his failure to pay child support.

<strong>Father's Appeal and Ten Assignments of Error</strong>

{¶ 11} Father's appeal now properly before this court for decision, Father has raised ten assignments of error for review. Within his ten assignments of error, Father raises a variety of issues that he claims are all "linked to other trials/hearings" that are "interwoven into the history of events" that started approximately ten years ago that have "now hit at least 7 courts with many associated case numbers to date." However, while the issues raised by Father makes clear that he would like this court to resolve *all* of the alleged injustices he claims occurred over the past several years, which includes, among other things, fixing the apparent "postal slow-down" that happened after Louis DeJoy took office as the United States Postmaster General and to "properly scold" the Warren County Prosecutor's Office, the Warren County Child Support Enforcement Agency, and the Warren County Domestic Relations Court for not being "more respectful" to him given his designation as a vexatious litigator, this court's authority to act is limited by Article IV, Section 3(B)(2), of the Ohio Constitution and App.R. 12(A)(1).

{¶ 12} Pursuant to Article IV, Section 3(B)(2), of the Ohio Constitution, this court "shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." To that end, and in accordance with App.R. 12(A)(1), on an undismissed appeal, this court shall do all of the following:

> (1) Review and affirm, modify, or reverse the judgment or final order appealed;
>
> (2) Determine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16, the record on appeal under App.R. 9, and, unless waived, the oral argument under App.R. 21; and
>
> (3) Unless an assignment of error is made moot by a ruling on another assignment of error, decide each assignment of error and give reasons in writing for its decision.

{¶ 13} Therefore, while we understand Father would prefer this court had significantly more authority to act, when applying Article IV, Section 3(B)(2), of the Ohio Constitution and App.R. 12(A)(1) to the case at bar, and upon review of Father's notice of appeal, this court's authority is limited to reviewing the domestic relations court's April 7, 2021 decision overruling Father's objection to the magistrate's December 3, 2020 decision denying his motion to expunge and/or seal the record. To the extent Father claims this court has far greater authority to act, or the authority to act beyond the powers set forth in Article IV, Section 3(B)(2), of the Ohio Constitution and App.R. 12(A)(1), Father's claim lacks merit.

**Review of the Domestic Relations Court's April 7, 2021 Decision**

{¶ 14} As noted above, in its April 7, 2021 decision, the domestic relations court noted that it was adopting the magistrate's decision "as if fully rewritten [t]herein." This included the magistrate's decision finding R.C. 2953.32(A), Ohio's statute for sealing the record of a conviction, was not applicable to the case at bar since "Father was not convicted

of a misdemeanor for failure to pay child support." Reviewing this decision de novo, which we do with all questions of law, we find no error in the domestic relations court's decision. This is because, based on the plain wording of the statute, R.C. 2953.32(A) only applies to "eligible offenders" who were convicted of a misdemeanor offense. Father, having never been convicted of a misdemeanor failure to pay child support offense, was therefore not an "eligible offender" as that term is defined by R.C. 2953.31(A)(1). To the extent Father claims otherwise, and to the extent Father's believes R.C. 2953.32(A) should apply to "all jailable offences and other lifelong damaging records of contempt of court/bankruptcy/other," Father's claims lack merit.

{¶ 15} We also find no merit to Father's claims challenging the domestic relations court's decision factual finding that, even if R.C. 2953.32(A) did apply, "Father's request would still be denied based on Father's continued and ongoing failure to pay child support." This is because, as the record indicates, Father failed to file a transcript of the November 17, 2020 hearing held when objecting to the magistrate's December 3, 2020 decision. It is well established that, pursuant to Civ.R. 53(D)(3)(b)(iii), "a party challenging the factual findings of a magistrate is required to provide the trial court with a transcript of the hearing before the magistrate to support the objections." *Hughes v. Lanham*, 12th Dist. Warren CA2003-10-108, 2004-Ohio-7142, ¶ 43. "When a party objecting to a magistrate's decision fails to file a transcript or affidavit of evidence as required by Civ.R. 53(D)(3)(b)(iii), the trial court is free to adopt the magistrate's findings without further consideration of the objections." *Bucher v. Bucher*, 12th Dist. Fayette No. CA2021-08-019, 2022-Ohio-429, ¶ 12.

{¶ 16} Under these circumstances, we must presume the regularity of the proceedings below and affirm the domestic relations court's decision. *See e.g., Swanson v. Swanson*, 6th Dist. Wood No. WD-20-005, 2020-Ohio-3754, ¶ 23 ("because there is no

transcript from the August 14, 2019 hearing, we must presume the regularity of the proceedings"). In reaching this decision, we note that in his brief Father has moved this court to order, without charge to him, the "preparation of transcripts for those hearings that reference the various topics presented." However, when reviewing a lower court's decision to adopt a magistrate's recommendation, this court "is precluded from considering evidence not before the court below." *Herbert v. Herbert*, 12th Dist. Butler No. CA2011-07-132, 2012-Ohio-2147, ¶ 15. Therefore, because this court cannot add matter to the record before it, Father's motion requesting this court order the preparation of the transcripts he believes are necessary to support his appeal is denied. The same holds true as it relates to Father's other various motions and requests presented in his brief and not explicitly addressed by this court within this opinion.

## Conclusion

{¶ 17} For the reasons outlined above, and finding no merit to any of the arguments raised by Father herein in support of his ten assignments of error, Father's ten assignments of error lack merit and are overruled.

{¶ 18} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.